THE STATE' V. SIMMONS.

1  To support an indictment for putting out an eye of an individual, under the statute of mayhem, it is not necessary where the injury is done in a sudden conflict, that the defendant should have formed the design previous to the conflict; it is sufficient if the defendant maliciously and on purpose does the act in pursuance of a design formed during the conflict.

Question reserved by the Circuit Court of Macon county.

THE defendant was indicted for mayhem, in putting out the eye of one Boyd, on purpose and of malice aforethought.

At the trial, it appeared in evidence, that the eye of the prosecutor was gouged out in a sudden conflict. The defendant requested the Court to charge the jury, that in order to constitute the offence charged, it was necessary, not only that the injury should be done with malice, but also, that the defendant should have formed a premeditated design to commit the mayhem previously to the conflict, This charge the Court refused to give, and instructed the jury, that if the defendant maliciously, and on purpose, during the conflict, formed the design of maiming the prosecutor, and in pursuance of the design as formed, did commit the mayhem as charged, then the offence was complete.

The defendant was convicted, but the Court considering the questions of law arising out of the charge as novel and difficult reserved them for the decision of the Supreme Court.

The cause was submitted by the ATTORNEY GENERAL, without argument.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—A very brief examination of the statute under which the prosecution was had, will suffice to show the entire correctness of the Circuit Court, in refusing the charge requested, as well as in giving the one on which the case was decided.

The statute declares, that if any person or persons, on pur-

pose and of malice aforethought, shall unlawfully cut or bite off the ear or ears; or cut out or disable the tongue; put out an eye while fighting or otherwise; slit the nose or lip; cut or bite off the nose or lip; or cut off or disable any limb or member, of any person whatsoever, such person shall be deemed guilty of mayhem.   Aik. Dig. 102, § 5.

This enactment is so clear and precise as to carry its own commentary with it.   The act from which injury ensues, must be intended or purposely done, as contradistinguished from an accident, and it must also be done with malice aforethought, by which a malicious design to injure, is evidently meant.   It is entirely immaterial, at what period of time this malicious design is formed; if it exist, and the injury is consummated, the offender is clearly within the letter, as well the spirit of the law.

The charge of the Court is entirely conformable to this view, and the judgment is therefore affirmed.