# Molette *v.* The State.

### *Indictment for Mayhem.*

1. *Mayhem ; charges to jury as to constituents of offence.* — Under an indictment for mayhem, by biting off an ear in a fight (Rev. Code, § 3669), a charge which instructs the jury "that if they believe, from the evidence, that the defendant did not design to bite the ear " of the prosecutor " any more than his cheek or other portion of his face," they must acquit the defendant, is properly refused.

2. *Same.* — So, also, a charge which authorizes an acquittal, " if the defendant

[Molette v. State.]

bit off the ear under the instinct of self-defence," or "under the impulse of his animal nature or mere instincts," is properly refused.

3. *Abstract charge.* — A charge asked, which is abstract, is properly refused.

FROM the Criminal Court of Dallas.
Tried before the Hon. Geo. H. CRAIG.

R. J. BOYKIN, for the prisoner, cited *Abram* v. *The State*, 10 Ala. 928 ; *Isham* v. *The State*, 38 Ala. 213 ; Hale's P. C. 509 ; 3 Cro. Rep. 538 ; 1 Bishop's Criminal Law, §§ 411, 421–2 ; 3 Cush. 558.

BEN. GARDNER, Attorney General, *contra.*

PETERS, J. — This is a criminal prosecution by indictment for the offence of mayhem, occasioned by biting off the ear, or part of it. The proofs show that the accused had a fight, or "scuffle," with Burwell Molette, in the County of Dallas, the county in which the indictment was found ; and that, during this scuffle, he bit off the ear of said Burwell Molette, or some part of it. It seems that Burwell Molette had grossly insulted Bama Molette, the sister of the accused, in her own house ; and the fight grew out of this circumstance. There was no evidence of any ill-will between the defendant and said Burwell Molette before the fight. The indictment was in the form prescribed by the statute. The biting of the ear was clearly proved. On this evidence, the defendant asked the court to charge the jury as follows : " 1. If the jury believe, from the evidence, that the defendant did not design to bite the ear of Burwell Molette any more than his cheek or other portion of his face, they cannot find him guilty. 2. If the jury believe, from the evidence, that the defendant bit off the ear of Burwell Molette under the instinct of self-defence, they must acquit the defendant. 3. If the jury believe, from the evidence, that the defendant bit off the ear of Burwell Molette under the impulse of his animal nature, or mere instincts, they must acquit the defendant." These charges were refused, and the defendant excepted to their refusal. The jury found him guilty, and he was sentenced to the penitentiary for two years ; and he now brings his case here by appeal, and asks to have the proceedings against him reversed for error apparent on the record.

Whether the charges asked were properly or improperly refused depends upon the definition of the offence of mayhem under our statute. The statute is in these words : " Any person who unlawfully, maliciously, and intentionally cuts out or disables the tongue ; puts out or destroys an eye ; cuts, bites, or strikes off an ear ; cuts, bites off, slits, mutilates, or destroys

the nose or lip; or cuts, bites, tears, strikes off, or disables a limb or member of any other person, must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor for the county, for not less than two, nor more than twenty years." Revised Code, § 3669. Under this statute, the criminal act must be done unlawfully, maliciously, and intentionally. *The State* v. *Abram*, 10 Ala. 928. The offence of mayhem is a felony. Revised Code, § 3541. It was also *malum prohibitum* at common law. An act is maliciously done when it is done on purpose, and with evil intent; and whether an act, attempted with evil intent, results in the unlawful purpose intended, or in some other evil and unlawful purpose, makes no difference in the guilt of the perpetrator. The thing done, having proceeded from a mind bent on mischief, is done maliciously. And the biting off an ear, if done maliciously, intentionally, and unlawfully, is mayhem. In this view of the law, the charges asked by the defendant, as above set forth, were properly refused. 1 Bishop Crim. Law, §§ 411–414, and cases there cited.

Besides this, the charges asked were abstract, and were properly refused for that reason. There was no evidence to sustain them. There was no proof that the defendant did not design to bite the ear, but only the cheek; and there was no proof that the ear was bit off "under the instinct of self-defence," or that it was bit off by the defendant "under the impulse of his animal nature or mere instinct;" if, indeed, this last sentence means anything different from biting off an ear wilfully, unlawfully, and in a bad humor, during the heat of a fight. If this last was meant, then the defendant was clearly guilty.

From a careful examination of the whole case, I am unable to discover any ground for reversal. The judgment of the court below is therefore affirmed; and the court below will execute its sentence.