# Green *v.* The State.

## *Mahem.*

(Decided June 6, 1907. 44 South. 194.)

1. *Mayhem.*—To constitute the offense of mayhem as provided by section 5095, Code 1896, the injury to the member must be such as to disfigure it to ordinary observation, distinguishable from a mere wound which simply mars the member.

2. *Same; Defenses; Self Defense.*—Providing the resistance is proportionate to the injury offered self defense is a justification for mayhem.

3. *Same; Instructions; Self Defense.*—A charge asserting that if accused and the injured person were engaged in a mortal strife, and the person injured was armed with a deadly weapon and defendant was unarmed, and while so engaged defendant bit off a small portion of the injured person's ear, accused must be acquitted, is faulty for failing to include all the elements of self defense.

4. *Same.*—A charge asserting that if accused cut, bit, struck off or mutilated the ear of the person injured while fighting with him in self defense, and defendant was free from fault in bringing on the difficulty he must be found not guilty, is faulty for omitting certain elements of self defense.

5. *Same; Malice.*—A charge asserting that before defendant can be convicted the jury must be satisfied beyond a reasonable doubt that the act was done unlawfully, intentionally and with malice aforethought, was faulty in the use of the phrase, malice aforethought, it not being necessarily synonymous with the word, maliciously, used in the statute.

6. *Evidence; Review; Harmless Error in Admission.*—Where the answer was favorable to the objecting party it was harmless error to permit an illegal question.

APPEAL from Cleburne County Court.

Heard before Hon. T. A. JOHNSON.

Charley Green was convicted of mayhem and appeals. Reversed and remanded.

The indictment in this case charged that Charlie Green unlawfully, maliciously, and intentionally did cut off, bite, or strike off an ear of W. M. McCalmon.

The evidence tended to show that defendant and McCalmon were engaged in a difficulty which was brought about as the result of a conversation between them, and in the absence of any one at the time; that defendant knocked McCalmon down, and was on him, beating him in the face and on the head, when certain people ran up and took him off; but, as defendant was getting off, he bit off a small portion of McCalmon's ear. There were a great many exceptions to testimony, but such as are material are sufficiently set out in the opinion. The following charges were refused to the defendant: "(2) If the jury find from the evidence that defendant and McCalmon were engaged in mortal strife, and that said McCalmon was armed with a deadly weapon, and that the defendant was unarmed, and while so engaged in said strife the defendant bit off only a small portion of said McCalmon's ear, they must acquit the defendant." "(13) If the jury believe from the evidence that the defendant cut, bit, struck off, or mutilated the ear of McCalmon while fighting with said McCalmon in self-defense, and if they believe further from the evidence that the defendant was free from fault in bringing on said difficulty, they must find him not guilty." "(31) I charge you, gentlemen of the jury, that before you can convict the defendant you must be satisfied from the evidence beyond a reasonable doubt that the act was done unlawfully, intentionally, and with malice aforethought, and unless you are so satisfied you must acquit the defendant." The defendant was convicted, and sentenced to five years in the penitentiary.

BAKER & STEPHENS, for appellant.—To constitute mayhem the injury must be permanent and must disfigure the person.—Abram v. The State, 10 Ala. 928; Biley v. The State, 8 Port. 472. To constitute mayhem,

[Green v. The State.]

the act must be done unlawfully, maliciously and inten-
tionally.—Section 5059, Code 1896; *Abram v. The State,*
*supra; Mollett v. The State,* 49 Ala. 18. On these au-
thorities the charges requested by defendant should
have been given.

ALEXANDER M. GARBER, Attorney General, for State.
—Self-defense is not an issue under an indictment for
mayhem.—*Mollet v. The State,* 49 Ala. 18; *State v.*
*Simons,* 3 Ala. 497; 20 A. & E. Ency. of Law, 250. It
does not appear whether the charges requested were
given or refused.—*Henderson v. The State,* 137 Ala. 83.
In any event, they referred questions of law to the jury.
—*Burgess v. The State,* 42 South. 681; *Whatley v. The*
*State,* 39 South. 1004. The jury was entitled to know
of the conspiracy that existed as tending to give color to
the present assault, etc.—*Henry v. The State,* 79 Ala.
42; *Jones v. The State,* 76 Ala. 8.

McCLELLAN, J.—Mayhem, as defined, in the pres-
ently pertinent aspect, by section 5095 of the Code, is
committed when any person "unlawfully, maliciously
and intentionally cuts, bites, or strikes off an ear" of an-
other person. This statute has been partially construed
in *Molette's Case,* 49 Ala. 18. The essential ingredients
of the offense, the necessary disfigurement of the person
maimed being given, are that the act was done without
authority of law and with evil intent and by design. In
this instance the disfigurement, necessary to justify con-
viction, must have been such as would afford to the
casual observer of the person injured, and not such as
requires a close or unusual inspection to detect. In
other words, the injury to the ear must be such as dis-
figures to ordinary observation, as distinguished from
a wounding which simply mars the member.—*Abram's*
*Case,* 10 Ala. 928. Whether the injury is of the neces-

sary character must ordinarily be determined by the jury.

We can conceive of no reason why self-defense may not be available in justification of the act, providing, of course, the resistance is proportionate to the injury offered.—*State v. Crawford*, 13 N. C. 425; *State v. Evans*, 2 N. C. 281; *State v. Skidmore*, 87 N. C. 509; 20 Am. & Eng. Ency. Law, p. 250, and notes. What is spoken of in *Abram's Case*, 10 Ala. 932, as the instinct of self-defense, is, of course, entirely distinct from the doctrine above stated. That instinct cannot mitigate or justify the offense, whatever the circumstances attending.

Where there is allowed by the court, over objection, an improper question to a witness, no prejudicial error is committed if the answer is favorable to the objecting party.—*Sou. Ry. Co. v. Crowder*, 135 Ala. 417, 33 South. 335. Many of the exceptions noted in this record were thus rendered innocuous as reversible errors, if, indeed, they were primarily erroneous.

The questions propounded relative to the character and extent of the injuries received by McCalmon in the altercation, as well as the treatment and duration by the physician and his professional opinion thereon, were unobjectionable.

There was, so far as we can discern from this record, no legal testimony tending to show a preconceived plan or purpose to harm McCalmon. The question and its answer, both seasonably sought to be kept from the jury, by which it was shown that some one, not remembered by the witness, had informed him that an attack was to be made by the defendant and others on McCalmon, the witness, was pure hearsay, and patently inadmissible. The allowance of the question, as also the overruling of the motion to exclude, must work a reversal of the judgment.

2 R

Charges 2, 13, and. 31 were properly refused. Those numbered 2 and 13 sought the benefit of self-defense, and each pretermitted entirely necessary elements thereof. While "maliciously," as used in this statute, and "malice aforethought," a term used in charge 31, are in some respects synonymous, yet they are not always so, and for that reason, if not others, the charge was bad.

For the error noted, and we discover no other, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.