HENRY *v.* STATE.

Opinion delivered September 25, 1916.

MAIMING—INTENT—SUFFICIENT EVIDENCE.—Appellant went into the field where one R. was at work, cursed and abused him, assaulted him with some sort of weapon that cut a three inch gash in R's head, and then in the continuance of the fight, bit off R's nose, intending to bite and knowing that he was doing so. *Held,* the evidence was sufficient to support a verdict and judgment of the crime of maiming.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

STATEMENT BY THE COURT.

Sol Henry brings this appeal from a judgment of conviction of the crime of maiming, by biting off the nose of one John Robinson.

It appears from the testimony that appellant's mules had broken into the field of Jno. Robinson, a tenant on his place and had torn down some corn. The next morning Robinson spoke to defendant's brother about the matter and told him that he did not claim any damages but wanted them to keep the stock up. While he was plowing in his field about 15 minutes afterwards, appellant came up and stated his brother had told him that his mules had gotten into the field last night and torn down a lot of corn, to which he replied "Yes." Appellant said "God damn it, if my brother had listened to me he would not have rented you this land," and "There is going to be hell." Robinson replied "I don't see where you got any kick coming." Appellant then said, "You God damned hill-billies come down here and try to run the bottom.

I had rather this land lay out than you God damned hillbillies work it."

Robinson's wife came up and called to him and as he turned his head toward her, appellant struck him on the head and they fell together to the ground, Robinson finally getting on top.

Appellant's brother, while they were fighting, took hold of Robinson, pulled him up and appellant reached his arm up around Robinson's neck and pulled him down and bit his nose off.

John Coleman, who saw the fight, said that appellant struck Robinson first, that they clinched and fell to the ground, "and when Bobbie, appellant's brother, went to pull John up off Sol, he reaches and catches him around his neck and pulls him back, and that's when he bit his nose off."

Appellant stated that when he walked up, Robinson said, "I charge you boys nothing, and all I ask you to see is to keep the mule out," that he walked around him and Robinson struck and knocked him down; that he fell on top of him and was beating him in the face and choking him and said, "If I cannot choke you, I will bite you" and I had my eyes shut and he bit me and I guess his nose struck against me both and I bit. I did not know what I was biting. Denied having sworn at Robinson and stated that he ran off after Robinson whipped him. Said he only went to see Robinson to settle about the damage his mule had done and not to raise any row.

*M. E. Sanderson*, for appellant.

The evidence does not support the verdict. There is not that premeditated design shown to commit the act, which is contemplated by the statute. Kirby's Dig., § 1865; 63 N. Y. 207; 67 N. Y. 15; 18 Ore. 506; 23 Pac. 891.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

The facts shown in evidence justified the verdict, sufficient to show that the act was done "wilfully and of

his malice aforethought." Maiming is not excusable or justified because inflicted in a sudden conflict. Kirby's Dig., §§ 1864, 1865; Wharton on Crim. Law, 980; Clark, Crim. Law, 213; 87 N. C. 513; 23 N. C. 121; 2 *Id.* 112; *Id.* 325; 3 Ala. 497; 49 *Id.* 18; 86 Tenn. 512; 13 N. C. 425; 22 Tex. App. 45; 41 Tex. 619; 70 Iowa 505; 93 Cal. 564; 4 Ark. 56.

The New York statute on maiming differs so materially from ours that the case relied on by appellant is not persuasive.

KIRBY, J. (after stating the facts). Appellant complains only that the evidence is not sufficient to support the verdict. The statute provides, Sec. 1865, Kirby's Digest, "If any person shall wilfully and of his malice aforethought, cut or bite off the ear * * * cut or bite off the nose or lip of any person, he shall be adjudged guilty of maiming." Maiming consists in unlawfully disabling a human being by depriving him of the use of a limb or member, etc. Sec. 1864.

It is argued for appellant that in order to commit the offense the act must be done with premeditated design to do the very act, that it occurred in an ordinary affray while the parties were fighting together and without any intention to do the particular thing and that no offense was committed within the meaning of the statute. He relies upon the case of *Godfrey* v. *The People*, 63 N. Y. 207, as authority for this contention and although this case supports the position, the statute under which the offense there was charged, is altogether unlike ours. If the testimony had only shown that the injury occurred while the parties were fighting by mutual agreement, it would not have constituted the offense of maiming. Sec. 1573, Kirby's Digest.

Appellant admits having fought with the injured person and that he bit off his nose and the testimony shows that he started the fight and struck the first blow. He intended to do the thing which he did. "The act being proved to have occurred in an encounter, the law presumes that the act was done with the intent re-

quired by the law to constitute guilt." I. Wharton Criminal p. 981; Clark's Criminal Law, 213.

In *Baker* v. *State*, 4 Ark. 56, the court in discussing the statutory definition of maiming, said: "It is implied that the act being unlawful in itself, evidences a malicious intent and is immaterial by what means or with what instrument the injury is effected." It is immaterial at what period of time during the encounter the malicious design is formed to inflict the particular injury, so long as it was intended or purposely done.

The Supreme Court of Alabama under a statute similar to ours, in *State* v. *Simmons*, 3 Ala. 497, said: "It is not necessary where injury is done in a certain conflict that the defendant should have formed the design previous to the conflict. It was sufficient if the defendant maliciously and on purpose does the act in pursuance of a design formed during the conflict." See also *Molette* v. *State*, 49 Ala. 18; *Terrell* v. *State*, 86 Tenn. 523; *State* v. *Crawford*, 13 N. C. 425; *Slattery* v. *State*, 41 Tex. 619; *State* v. *Jones*, 70 Iowa 505.

Appellant went to the field where the injured party was at work, cursed and abused him, assaulted him with some sort of a weapon that cut a three inch gash in his head and then in the continuance of the fight, bit off his nose, at the time intending to bite and knowing he was doing so.

The evidence is sufficient to support the verdict and the judgment is affirmed.