17 So.2d 428

### WALKER v. STATE.
6 Div. 3.

Court of Appeals of Alabama.
March 21, 1944.

W. L. Longshore, of Birmingham, for appellant.

346

Wm. N. McQueen, Acting Atty. Gen., and L. H. Brassell, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The prosecution was for assault with intent to murder. Appellant was convicted and sentenced to three years' imprisonment in the penitentiary. His defense as to the felony charge was that, at the time of the alleged occurrence, he was so drunk he was incapable of entertaining the specific intent inherent in such a crime.

■■ An inquiry into the state of mind of the accused is always proper in prosecutions where intent is an essential ingredient. Tidwell v. State, 70 Ala. 33, 46. In cases, as here considered, the rule has been declared that "when the offense charged consists of an act committed with a particular intent,—when a specific intent is of the essence of the crime,—drunkenness, as affecting the mental state and condition of the accused, becomes a proper subject to be considered by the jury in deciding the question of intent." White v. State, 103 Ala. 72, 81, 16 So. 63, 66. Also, James v. State, 193 Ala. 55, 60, 69 So. 569, Ann.Cas.1918B, 119; Mooney v. State, 33 Ala. 419, 421; McGee v. State, 4 Ala.App. 54, 58 So. 1008; Rhodes v. State, 3 Ala.App. 182, 184, 57 So. 1021; Harmon v. State, 23 Ala.App. 468, 126 So. 896; Patterson v. State, 30 Ala.App. 135, 1 So.2d 759; King v. State, 90 Ala. 612, 616, 8 So. 856; Ivory v. State, 237 Ala. 344, 186 So. 460; Dyer v. State, 241 Ala. 679, 4 So.2d 311; Williams v. State, 13 Ala.App. 133, 138, 69 So. 376; Granberry v. State, 182 Ala. 4, 8, 62 So. 52; 32 C.J. S., Evidence, § 506, p. 168.

■ To sustain this defense the defendant, by his own testimony, sought to prove his mental condition or state of mind shortly before and at the time of the shooting, viz., the last thing he remembered, when he was overcome, etc., after almost a day and a half of whisky drinking. The court, ex mero motu, intervened in the proceedings and forbade the eduction of any proof of this character. Here, we think, was prejudicial error.

This is not, as divined by the learned trial court, one of the proscriptions of the rule that a witness may not testify to his "undisclosed state of mind." This was not the fact proffered by the testimony, nor was the accused offering an opinion as to his own mental unsoundness, which is likewise forbidden. He was merely seeking to testify "to a fact, of which he should be capable of testifying." This principle and the distinction to be drawn was finely exposited in the opinion by our present able Chief Justice in the case of Alabama Power Co. v. Shaw, 215 Ala. 436, 440, 111 So. 17, from which the last above quotation is taken.

■ All of the written charges requested by defendant were refused. In our opinion, Charge A was a correct and apposite statement of the law and should have been given. We are not convinced that it was fairly and substantially covered in the court's oral charge, and hold that the refusal thereof was also error to reverse. Code 1940, Title 7, Section 273.

The judgment is reversed and the cause remanded for retrial.

Reversed and remanded.