Robbery in the first degree; ninety-nine years. Appellant entered pleas of not guilty and not guilty by reason of insanity.
Mr. Jim Harris, the owner and operator of Andrews' Drug Company in Ozark, Alabama, testified that on September 23, 1980, the appellant entered the store, pulled out a pistol, pointed it at him and Patty Powell, the salesclerk, and demanded drugs and money. After appellant fired a warning shot, Mr. Harris began putting drugs into a bag, and Ms. Powell removed the money from the cash register and gave it to the appellant.
Two customers came into the store and appellant ordered Mr. Harris, Ms. Powell and the customers to the storeroom in the back of the pharmacy. Another customer then entered the store and Mr. Harris, followed by the appellant, went to wait on him. As the customer left, Mr. Harris was able to overpower the appellant, remove his gun, and subdue him on the floor until the police arrived. Mr. Harris testified without objection that, based on his fifteen years' experience as a pharmacist who had seen individuals under the influence of drugs, appellant was, in his opinion, "of his right mind . . . very calm . . . and in complete control" during the robbery.
Patty Powell and two of the customers corroborated Mr. Harris' testimony and the State rested.
The defense called Dr. Carl Kirkland, a psychologist who interviewed and tested the appellant for four hours in jail following his arrest. Dr. Kirkland testified that, based on his personal observation of the appellant, along with tests administered to the appellant and appellant's personal history, it was his opinion that on the day of the robbery appellant "did not understand the criminality of his behavior and could not conform his behavior to the law." Dr. Kirkland stated that, in his opinion, on the date in question appellant was suffering from a "borderline personality disorder" and "an anti-social personality disorder" aggravated by drug and alcohol abuse.
On cross-examination, the State asked Dr. Kirkland whether he had seen "the report from the Department of Mental Health in Searcy Hospital" after appellant was evaluated there between May 7, and May 25, 1981. The report was not introduced into evidence. Dr. Kirkland replied, without objection, that he had reviewed the report and differed with the conclusion of the Searcy Hospital staff, that, although appellant had an "anti-social personality," he knew right from wrong and was sane at the time of the robbery.
The appellant's wife, mother and stepfather all testified that while appellant was "normal" at other times, he was "crazy" when under the influence of drugs. His wife and mother both stated that on the night before the robbery they knew appellant had taken a large quantity of drugs after an argument with his wife.
Dr. Fernando Lopez, a psychiatrist who interviewed appellant on December 19, 1980, for forty minutes, stated that in his opinion on the day of the robbery appellant's mental functioning was impaired from ingesting drugs, he was suicidal, and he "could not discern the criminality of his actions." *Page 487 
Appellant testified that on the night before the offense he had an argument with his wife and wanted to kill himself. He took 70 milligrams of Valium and injected a large quantity of Dilaudid from a syringe. He stated that he did not remember anything after injecting the Dilaudid until the following day when he found that he had been wrestled to the floor of Andrews Drug Company.
 I
Appellant contends, first, that the verdict of the jury was contrary to the weight of the evidence on the defense of insanity. Next, he claims that the verdict was contrary to the weight of the evidence on the issue of whether, due to drug intoxication, he was incapable of forming the intent necessary for the offense of robbery.
Every criminal defendant is presumed to be sane. Ala. Code, §15-16-2 (1975). The burden of proving insanity rests upon the defendant and must be established by a preponderance of the evidence. Christian v. State, 351 So.2d 623 (Ala. 1977); Ala. Code, § 15-16-2, supra. In the case before us, two expert witnesses testified for the defense that appellant was suffering from a mental "impairment" or "disorder" which made him unable to appreciate the criminality of his actions. See Ala. Code, § 13A-3-1 (1975). Three of appellant's family members stated that appellant was "crazy" when he was taking drugs.
In opposition to this evidence, the drugstore owner and robbery victim testified that appellant was in "control" of his faculties and appeared to be in his "right mind" on the day of the offense. In addition, on cross-examination of one of the defense experts, the State brought out the fact that mental health officials at Searcy Hospital had previously determined appellant to be sane at the time of the offense.
Based on the foregoing evidence, the proof of insanity was not overwhelming and uncontradicted. See Herbert v. State,357 So.2d 683 (Ala.Cr.App.), cert. denied, 357 So.2d 690 (Ala. 1978), and the verdict of the jury was fully supported by the evidence on this issue. Bowen v. State, 386 So.2d 489
(Ala.Cr.App.), cert. denied, 386 So.2d 492 (Ala. 1980). Even undisputed medical testimony concerning insanity is not conclusive on the jury, Bowen v. State, supra. Here, the expert defense testimony was contradicted by both expert and lay testimony brought out by the prosecution. Under these circumstances, we do not believe the verdict of the jury was contrary to the preponderance of the evidence on the issue of insanity.
Although voluntary intoxication caused by alcohol or drugs is not a defense to a criminal charge, Gautney v. State, 284 Ala. 82, 222 So.2d 175 (1969); Ala. Code § 13A-3-2 (1975), it may render the accused incapable of forming the intent necessary to constitute the offense, Patterson v. State, 30 Ala. App. 135,1 So.2d 759 (1941); Ala. Code, § 13A-3-2 (1975).
The question of larcenous intent in a robbery prosecution is one for the jury, Garrison v. State, 372 So.2d 55 (Ala.Cr.App. 1979); Odom v. State, 348 So.2d 277 (Ala.Cr.App.), cert. denied, 348 So.2d 282 (Ala. 1977), and here the jury resolved the issue against the appellant. In our judgment, the jury had ample evidence before it to warrant its finding on the question of appellant's intent.
We have searched the record and have found no evidence prejudicial to appellant. Therefore, the judgment of conviction by the Dale Circuit Court is affirmed.
AFFIRMED.
All the Judges concur. *Page 488