TYSON, Judge.
Cornelius William Travis, Sr. was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment”. He was sentenced to life imprisonment without parole as a habitual felony offender.
*1149 At approximately 1:30 in the morning of July 20, 1983, Vera Louise Bell, the owner of Honey for the Bears in downtown Montgomery, went to the lounge to close for the evening. Her husband, Julius C. Bell, who had been the manager of Honey for the Bears that day, was there along with one customer, the appellant. After talking with the appellant for about an hour, Bell told the appellant that she was closing and he needed to leave. She then went to the storage room and took out the money bags. Bell then went back to the register on the bar. She put down the bags and began looking for her keys.
At this point, the appellant pointed a gun at her and said, “Louise, drop the money bags and go into the bathroom.” (R. 14). Bell asked him what he said and the appellant replied, “I said drop the money.” (R. 14). Bell then said, “You got it” and started running. (R. 14). She saw her husband go for the appellant as she ran outside.
Once outside, she told a policeman what was happening. She then went back to Honey for the Bears with the police.
Julius Bell testified he went to the club around 3:00 p.m. on the afternoon of July 19, 1983. During the course of the afternoon the appellant came into the club two times. At approximately 12:30 a.m., the appellant returned and drank a couple of beers. He did not appear to be intoxicated.
Julius Bell heard the appellant tell his wife to drop the money bags and then saw her leave. He then went after the appellant and the appellant pointed the gun at him.
The hammer of the gun was back and Julius Bell reached for the gun. As he did this, one of his fingers went between the trigger and the trigger guard and the hammer hit his finger. The appellant then kicked Julius Bell in the stomach and the two fell to the ground. As they struggled, the appellant told Julius Bell that he intended to get the money even if he had to kill Bell. Julius Bell then grabbed the gun and held it on the appellant until the police arrived. He then went to the police station. The money in the bags totaled $394.00.
Officer Donald Jackson, a canine handler with the Montgomery Police Department, was checking some buildings downtown when he heard Louise Bell scream. After determining that a robbery was in progress at Honey for the Bears, Jackson radioed for assistance and proceeded to the club. When he arrived he found Julius Bell holding the gun on the appellant. The appellant, who didn’t appear to be intoxicated, was taken into custody. The appellant did walk with a limp.
Francis Fernandez, an investigator with the Montgomery Police Department, stated that the gun obtained at Honey for the Bears was a .357 Magnum. There were three spent shells and three live bullets in the gun. If the trigger had been pulled, a live bullet would have discharged.
At 3:20 a.m. on July 20, Fernandez talked to the appellant. After first being advised of his Miranda rights the appellant said he understood them and wished to make a statement.
The appellant said that “an old dude in a white tee shirt was trying to rob him.” (R. 76). After Fernandez explained to the appellant, Travis, that the man in the white tee shirt was the owner of the club, the appellant didn’t talk anymore about the robbery.
Two defense witnesses testified that the appellant was intoxicated on the night in question.
The appellant, Travis, testified that he had injured his leg at his job about two weeks prior to July 19, 1983. On that day the appellant was taking pain killers and drinking heavily.
The appellant stated that, while he was at Honey for the Bears, he thought Julius Bell might want to buy a gun. He pulled out his gun and said “hey”. Louise Bell then screamed “robbery” and ran. Then Julius Bell grabbed the appellant’s gun and held it on him. The appellant thought Julius Bell was trying to rob him. He said he *1150 didn’t intend to rob Louise Bell. He just wanted to sell the gun.
I
The appellant contends that the State failed to prove he had the intent to commit robbery. The testimonies of Louise and Julius Bell certainly support the inference that the appellant had the requisite intent. His words and actions evidenced his intent to commit a robbery. The fact that the appellant contradicted the Bells’ testimonies makes the issue of the appellant’s intent a question for the jury which they properly resolved. Foust v. State, 414 So.2d 485 (Ala.Crim.App.1982); Kelly v. State, 423 So.2d 343 (Ala.Crim.App.1982); Garrison v. State, 372 So.2d 55 (Ala.Crim.App.1979).
II
The appellant alleges the State failed to prove there was a “taking” of the personal property of another. This argument is without merit. Our robbery statute no longer requires an actual “taking”. Grace v. State, 431 So.2d 1331 (Ala.Crim.App.1982); cert. quashed, 431 So.2d 1331 (Ala.1983). An attempted theft is encompassed within the statute. Grace, supra.
A review of the record clearly reveals that the State presented a prima facie case of robbery in the first degree. Therefore, the appellant’s conviction should stand.
III
The appellant contends he was improperly sentenced under the Habitual Felony Offender Act because the State failed to prove he was represented by counsel in each of his convictions and that he was the person who was named in those convictions.
The appellant admitted on the stand that he had five prior felony convictions (i.e., one for murder, one for arson, one for robbery, one for burglary and one for uttering a forged check.) Once a defendant admits his prior felony convictions, those convictions are properly proved for purposes of the Habitual Felony Offender Act. Peoples v. State, 415 So.2d 1230 (Ala.Crim.App.1982); Watson v. State, 439 So.2d 762 (Ala.Crim.App.), cert. denied, 439 So.2d 762 (Ala.1983).
The appellant, after being convicted of a Class “A” felony with five prior felony convictions, was properly sentenced under § 13A-5-9(b) (3), Code of Alabama 1975.
This record is free of error and the judgment of the trial court is, therefore, due to be affirmed.
AFFIRMED.
All the Judges concur.