## WATKINS v. STATE. (6 Div. 918.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 9, 1926.)

1. Larceny ⚷68(1)—Receiving stolen goods ⚷9(1).

In prosecution for stealing and receiving stolen horse, where state's evidence was sufficient to prove corpus delicti, refusal of general charge was not error.

2. Criminal law ⚷1134(3).

Where jury acquitted defendant of larceny count, appellate court will not pass on alleged error in refusal to give requested general charge to such count.

3. Criminal law ⚷815(4).

In prosecution for stealing and receiving stolen horse, charge ignoring charge of stealing was properly refused.

**4. Criminal law ⊕763, 764(3, 4).**

In prosecution for stealing and receiving stolen horse, charge that there was no evidence showing defendant stole animal *held* properly refused as invasive of province of jury.

**5. Criminal law ⊕815(3)—Charge ignoring all issues involved in count for receiving stolen horse except that of concealment held properly refused.**

Charge that guilt for receiving stolen horse depended on defendant's intent at time of receiving, and if such intent was not to conceal horse, but if he came into' possession in good faith, unless evidence satisfied jury beyond reasonable doubt to contrary, to acquit, was properly refused, as ignoring all issues except that of concealment.

**6. Larceny ⊕40(2)—Receiving stolen goods ⊕7(6).**

In prosecution for stealing and receiving stolen horse of value of $50, refusal of instructions that if value was less than $50, to acquit, was not error, in view of Code 1923, § 4905.

**7. Larceny ⊕45.—Receiving stolen goods ⊕ 8(2).**

In prosecution for stealing and receiving stolen horse, where allegation of value in indictment was part of description, evidence of value was relevant to prove identity.

**8. Criminal law ⊕363.**

In prosecution for stealing and receiving stolen horse, evidence that there were tracks at lot, from which horse was taken, was admissible as res gestæ.

**9. Larceny ⊕43—Receiving stolen goods ⊕ 8(2).**

Fact that gate of lot was open and that going into and coming out of barn were human tracks recently made would tend to prove corpus *delicti*, in prosecution for stealing and receiving stolen horse.

**10. Criminal law ⊕459.**

Witness can say that "The tracks were fresh."

**11. Criminal law ⊕338(1).**

Evidence that large party of men went to home of certain person looking for defendant was properly excluded.

**12. Criminal law ⊕730(10).**

Solicitor's comment on failure of defendant to testify *held* not reversible error, in view of instruction to jury to disregard it.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Elmer Watkins was convicted of an offense, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Watkins v. State, 111 So. 44.

The indictment charges, in the first count, that defendant feloniously took and carried away one mare of the value of $50, the property of Barney B. Patterson, and, in the second count, that he did "buy, receive, conceal, or aid in concealing one mare of the value of $50, the personal property of Barney B. Patterson, knowing that it was stolen and not having the intent to restore it to the owner."

The jury found that defendant did buy, conceal, etc., a mare of the value of $40, etc.

Charge G, refused to defendant, sought to instruct that:

"There is no evidence in this case showing the defendant stole the animal for which he is accused," etc.

Charges E, I, and 25, refused to defendant, are as follows:

"E. I charge you, gentlemen of the jury, that the guilt or innocence of the defendant is predicated upon what his intent was at the time he received or came into possession of this horse, and if his intent was not to conceal it, but he came into possession of it in good faith, then you must acquit the defendant, unless the evidence satisfies you beyond a reasonable doubt to the contrary."

"I. The court charges the jury that if the proof in this case shows the value of the animal alleged to have been stolen to have been less than $50, then you cannot convict the defendant."

"25. I charge you, gentlemen of the jury, that before you can convict this defendant, the evidence must satisfy you beyond a reasonable doubt that the value of the property alleged to be stolen is $50."

S. T. Wright, of Fayette, for appellant.

There was no evidence to support count 1, and the court erred in refusing the affirmative charge. Cole v. State, ante, p. 22, 104 So. 866. Charges D and G should have been given. Smith v. State, 133 Ala. 150, 31 So. 806, 91 Am. St. Rep. 21. Intent must be shown beyond a reasonable doubt; charge E should have been given. Dozier v. State, 130 Ala. 61, 30 So. 396. Tracks about the barn were not a material issue. Hammons v. State, 18 Ala. App. 470, 92 So. 914. That the tracks were fresh was a conclusion of the witness. Haynes v. State, 20 Ala. App. 160, 101 So. 167. Any reference by the solicitor to the absence of the defendant from the witness stand is improper. Roberts v. State, 122 Ala. 47, 25 So. 238; 12 Cyc. 576. And nothing short of emphatic disapproval thereof by the court will remove the mischief. Wolffe v. Minnis, 74 Ala. 386.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charges were well refused. Ward v. State, 19 Ala. App. 398, 98 So. 208. Charges D, E, and G ignored one of the issues, and singled out parts of the evidence, and were properly refused. Cleveland v. State, 20 Ala. App. 426, 103 So. 707. Charges

I and 25 state incorrect propositions of law. Code 1923, § 4905; Adams v. State, 60 Ala. 52. It was competent to prove that human tracks led from the barn towards defendant's house. Morrow v. State, 19 Ala. App. 212, 97 So. 106.

SAMFORD, J. [1] The evidence introduced by the state was sufficient, if believed beyond a reasonable doubt, to prove the corpus delicti under either count of the indictment, and hence the refusal of the general charge, as requested by defendant, and the overruling of the motion to discharge the defendant were free from error.

[2] As to the refusal of the court to give, at the request of defendant, the general charge as to the larceny count, a sufficient answer is that the jury, by its verdict, acquitted the defendant of larceny, so that we need not pass upon any question relating solely to count 1 charging larceny.

[3, 4] Refused charge D ignores the first count of the indictment and was properly refused. Refused charge G is invasive of the province of the jury.

We have given careful consideration to the excerpts from the oral charge of the court to which exceptions were reserved. When these excerpts are read in connection with the entire charge, they are each without error.

[5] Refused charge E ignores all of the issues involved in the second count, except that of concealment.

[6] There is no such variance between the proof and the indictment as would authorize the court to discharge the defendant. Under Code, § 4905, the value of a horse stolen is immaterial, and for this reason charges I and 25 were properly refused.

[7] The allegation of value in this indictment is a part of the description of the horse stolen. Proof of value therefore is relevant to prove identity. If the opinion as to value varies from that alleged in the indictment, the jury may become convinced of identity from other evidence.

[8-10] It was relevant and admissible evidence that there were tracks at the lot from which this horse was taken. The place from which this horse was taken, at or near the time of the taking, is a part of the res gestæ, and therefore the jury is entitled to a full and minute description of the entire surroundings in any way pertaining to this case. The fact that the gate was open and that going into and coming out of the barn were human tracks recently made would tend to prove the corpus delicti. We also hold that a witness can say that "The tracks were fresh."

We have examined the various other exceptions to the introduction of evidence. The court in each instance ruled correctly. None of the exceptions raised any but the most elementary questions.

[11] The fact that a large party of men went to the house of John Watkins looking for defendant was immaterial and irrelevant, and all this evidence was properly excluded.

[12] The solicitor should not have commented upon the fact that defendant did not testify. The court so ruled and emphatically impressed the jury not to consider the statement. We think the court eliminated any injury resulting from the solicitor's remark.

We find no prejudicial error in the record and the judgment is affirmed.

Affirmed.