147 So. 200

**PENNY v. STATE.**

**8 Div. 670.**

Court of Appeals of Alabama.

March 28, 1933.

Brickell & Johnston, of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

It would seem to be now settled, and we hold that it is (Code 1923, § 7318), that "refused" charges, otherwise entitled to be considered, will not be considered on appeal, unless they bear the indorsement "refused," signed by the trial judge (Code 1923, § 9509); and that no mere statement by the clerk, to the effect that such charges were "refused," etc., is sufficient to bring them under review. Stinson v. State, 223 Ala. 327, 135 So. 571; White v. State, 24 Ala. App. 575, 139 So. 113.

But where, as here, the bill of exceptions recites that certain written charges separately and severally were duly requested, and were refused, and that upon the back of each such charge was "marked," "refused

Speake, judge," to which action of the court, etc., the defendant then and there separately and severally excepted, etc., we believe it our duty to review the refusal of each such charge.

■ There is no question but that each of the refused charges in this case states a correct principle of law. The Attorney General bases his argument for affirmance of the judgment in this regard upon the contention, forcefully asserted by him, that the matter in each of said charges was either abstract, misleading, or fully covered by, and included in, the trial court's oral charge.

It will suffice to say that we do not agree with him as to the first of said charges. The others were properly refused.

The remaining questions apparent will not likely arise upon another trial. They will not be considered.

For the error in refusing appellant's written requested charge No. 1, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.