186 So. 460

## IVORY v. STATE.

### I Div. II.

Supreme Court of Alabama.

Jan. 26, 1939.

Rehearing Denied Feb. 21, 1939.

Chas. A. Cunningham and Vincent F. Kilborn, both of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant was indicted for the murder of Beatrice Reese, by shooting her with

a gun. On his trial he was convicted of murder in the first degree and his punishment fixed at death.

The evidence for the State was to the effect, that for several hours defendant, in company with deceased and others, had gone from place to place, gotten whiskey, and had been drinking; that at the residence of one Jones defendant, without provocation, went into another room, got a shot gun, fired upon and killed the deceased.

On direct examination Dolores Reese, a witness for the State, testified that she was present at the time of the killing, that she did not see defendant come into the room with a gun, but heard the shot, saw her sister fall, turned and saw the defendant with a gun in his hand.

The record recites:

"Q. You heard the shot? Ans. Yes, sir, when I heard the shot she fell, and I rushed on him, 'you done killed my sister,' and he said 'I am going to kill you too,' he said, 'so you will not have anything to say.'"

"The defendant moved to exclude that statement from the jury. The motion was overruled by the Court, and the defendant reserved an exception to this ruling."

It is argued this ruling was error because the statement of the witness detailing the conversation between the witness and defendant was not responsive to the question.

It is not questioned that this evidence, if elicited by appropriate question, was part of the res gestæ and admissible.

The rule is well settled that when a witness volunteers statement not responsive to the question asked, the remedy is by motion to exclude, or motion to strike. If the evidence is illegal on other grounds, either party may move to exclude.

But the rule is equally well settled that if the evidence given is legal and material and objectionable only because not responsive to the question, only the party who asked the question is entitled to have it excluded. The exclusion of such evidence on motion of the other party would merely prolong the trial by requiring the examining party to propound an appropriate question to elicit the same testimony. O'Neal v. McKinna, 116 Ala. 606, 22 So. 905; Alabama City, Gadsden & Attalla Ry. Co. v. Bullard, 157 Ala. 618, 47 So. 578; Central of Georgia Ry. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Shriner v. Meyer, 171 Ala. 112, 55 So. 156, Ann.Cas.1913A, 1103; Talley v. Whitlock, 199 Ala. 28, 73 So. 976; Ex parte Alabama Great Southern R. Co., 204 Ala. 504, 86 So. 100; Ford v. Bradford, 212 Ala. 515, 103 So. 549; Whiddon v. Malone, 220 Ala. 220, 124 So. 516; 64 C.J. 214, § 222; 12 Michie Ala.Dig. 359.

This court has however sustained the trial court in excluding evidence on motion of the party not asking the question upon the ground that it was not responsive. Mobile Light & R. Co. v. Hughes, 190 Ala. 216, 67 So. 278; Fleming v. State, 150 Ala. 19, 43 So. 219; Shrimpton & Sons v. Brice & Donehoo, 102 Ala. 655, 15 So. 452.

The cases are reconcilable by recognizing in the trial court a discretion in the exclusion of statements of a witness not called for, but volunteered.

If the evidence be deemed material and desired by the examining party, he should so advise the court, and, if need be, ask an appropriate question.

But we adhere to the rule that only the party asking the question is entitled, as of right, to move to exclude on the sole ground that the evidence is not responsive.

If the motion to exclude in the case at bar be deemed sufficient in identifying the statements to be excluded, the court was not in error in denying same.

The question of moment in this case arises from the refusal of certain charges requested in writing by defendant on the issue of drunkenness at the time of the homicide.

Voluntary drunkenness neither excuses nor palliates crime. But in murder cases evidence of drunkenness to such degree that the accused is incapable of rational action, and hence incapable of forming the specific intent essential to a malicious killing, may reduce the killing to manslaughter, or may negative the premeditation and deliberation essential to murder in the first degree, and reduce the crime to murder in the second degree. The rule is so clearly stated and defined in King v. State, 90 Ala. 612, 616, 8 So. 856, and needs no further elaboration.

Without going into details the evidence of drunkenness in this case was

sufficient to make an issue before the jury on this question.

The oral charge of the court omitted any statement of this principle of law applicable to the case.

Defendant's requested written charges 23, 24, 25 and 26, which appear in the report of the case, are in the same language as 3, 4, 5 and 6, approved in the case of King v. State, supra.

Charge 23 appears twice in the record. The bill of exceptions contains this charge among given charges, marked "given, J. Blocker Thornton."

The bill of exceptions shows an instruction that these charges were given as the law of the case to be taken by the jury and considered in connection with the oral charge.

The record proper again sets out this among the given charges, but indorsed "given," without adding the signature of the trial Judge.

While special charges, given or refused, need not be set out in the bill of exceptions, they may be, and, if so, they become, a part of the bill of exceptions, and, therefore, part of the record approved and signed by the trial Judge. Code, § 9510.

In the state of this record, we treat charge 23 as one of the given charges taken out by the jury. Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256; Penny v. State, 25 Ala.App. 396, 147 So. 200.

Notwithstanding the omissiveness of the oral charge, we think the giving of this charge as well as charge 20 adequately covered the law of the case on the issue presented, and that the refusal of charges 24, 25 and 26, do not constitute reversible error.

There was no error in the refusal of defendant's charge No. 32. The evidence for the State consisted not only of the testimony of state witnesses but a detailed confession of defendant, admitted upon proper predicate and without objection, which supported the State's case on all points. The case is unlike Segars v. State, 86 Ala. 59, 5 So. 558.

Affirmed.

GARDNER, THOMAS, BROWN, FOSTER, and KNIGHT, JJ., concur.