195 So. 430

### CURLEE v. STATE.
#### 1 Div. 89.

Supreme Court of Alabama.
June 6, 1940.

Granade & Granade, of Chatom, for appellant.

That the deceased, Florian Doggett, died of a knife wound in the throat inflicted by this defendant is proven without dispute. Defendant interposed his plea of "not guilty" and "not guilty by reason of insanity". There is no real insistence that defendant struck in self-defense. Nor was there any proof of any disease of the mind or insanity of defendant. True, he states he was in a stupor and remembered nothing concerning any assault upon deceased, against whom he insists he had no grievance. But if any such stupor existed it was the result of voluntary drunkenness which under our decisions is no excuse for a crime not involving a specific intent or malice, regardless of the character of his mental condition as a result therefrom. Laws v. State, 144 Ala. 118, 42 So. 40; 16 C.J. 107.

Voluntary drunkenness may in extreme cases reduce a homicide from murder to manslaughter, a matter clearly treated in King v. State, 90 Ala. 612, 8 So. 856; Ivory v. State, 237 Ala. 344, 186 So. 460; and Cagle v. State, 211 Ala. 346, 100 So. 318.

Defendant's counsel argues the affirmative charge was due to be given as for the offense of murder upon the assumption the proof uncontradictorily showed such a stupor of mind from drunkenness as to render defendant incapable of specific intent or malice, but we cannot agree this assumption finds sufficient proof in the record. Defendant immediately preceding the infliction of the fatal wound had driven a car some seven miles at night without any unusual incident, and there is the testimony of two or more witnesses at least tending to show he walked without a stagger of any kind and saw no indication of drunkenness. The question, therefore, of drunkenness or its degree was clearly for the jury's consideration and the argument of defendant upon a contrary theory is without merit.

We have not overlooked defendant's insistence as to the tendency of the proof to show that in some instances an intoxicated person has been known to drive a car without difficulty. But all of this was for the jury's consideration in connection with other proof that defendant gave no indication of drunkenness on this occasion. The evidence offered on motion for a new trial on this question was not only merely cumulative, but defendant failed to show sufficient diligence in the ascertainment thereof during or before the trial.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

GARDNER, Chief Justice.

This appeal is from a conviction of murder in the second degree with penalty fixed at sixty years' imprisonment.

There is evidence tending to show that defendant walked into the restaurant at Millry, going straight to deceased, cutting his throat, and that one Tom Clements, his friend, who had been his rather constant drinking companion during that day and the night before, went in just behind him. He had accompanied defendant to Yarbo, some few miles distant, when according to some tendencies of the proof there had been some kind of slight difficulty between defendant and deceased.

■ Immediately following the cutting Clements went out just after defendant and took him to the home of one Williams some few miles away rather than to his (defendant's) own home, which was much nearer. Whether that was for the purpose of flight was clearly a matter for the jury's consideration. Clements testified for defendant as to the stupor from heavy drinking and contrary to the great preponderance of the evidence also testified that deceased first struck at defendant. Perhaps he was the defendant's strongest witness. Clements testified he considered deceased and himself as friends. On cross-examination the state elicited from the witness that a few hours prior, at the same place, some character of dispute occurred between deceased and himself, wherein the witness Clements got out his knife which was taken away from him by one Davis and in doing so a finger was pinched and bled. The witness denied that while in the kitchen of the restaurant washing off the blood he had made any threat about cutting anybody's throat and insisted he had his knife only for protection.

In rebuttal, the State was permitted over defendant's objection, to show by the witness Grace Dearman that while Clements was in the kitchen washing the blood from his hands he did make the general threat as above indicated.

Defendant argues that all of this proof was inadmissible as no conspiracy had been shown (citing among other authorities Pendley v. State, 23 Ala.App. 539, 128 So. 589), and that it was not a part of the res gestae. All of this may well be conceded, but we are of the opinion that the testimony tended to show the bias or interest of the witness, his feeling against the deceased and was admissible as a circumstance affecting the credibility of the witness and his capacity to testify accurately in this particular case. The ruling is sustained upon this theory by the logic of the case of Fincher v. State, 58 Ala. 215, re-affirmed in Whitsett et al. v. Belue et al., 172 Ala. 256, 54 So. 677. We consider further elaboration of the question here unnecessary in view of the discussion found in the above-cited authorities. No reason to reverse here appears.

The trial court in the general charge covered all phases of the law applicable to the defenses interposed and with which charge counsel for defendant expressed entire satisfaction. In addition the court gave for defendant a number of written charges bearing upon the several aspects of his case. While there are a few refused charges we consider it unnecessary to here treat them in detail for the reason they were either faulty or clearly covered by the oral charge and the charges given for defendant. Indeed some of these instructions may appear even more favorable to defendant than was his due.

There are some rulings on evidence in addition to the matters that we have discussed that have been gone over with care in consultation but they so manifestly present no reversible error as to require no special treatment here. We are mindful of our duty in cases of this character and have carefully considered each matter presented by the record, and have likewise considered the argument of counsel as to the severity of the punishment imposed upon a young man whom he insists was stupefied by steady drink when the crime was committed. But all of these matters were for the jury to determine and we find no justification here for a disturbance of their verdict. We cannot find error in the action of the court in overruling defendant's motion for a new trial.

There being no reversible error the judgment is due to be affirmed. It is so ordered.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.