71 So.2d 111

**UPTAIN v. STATE.**

6 Div. 640.

Court of Appeals of Alabama.

June 30, 1953.

Rehearing Denied Aug. 11, 1953.

Reuben L. Newton, Bankhead & Skinner, Jasper, for appellant.

291

Si Garrett, Atty. Gen., Robt. P. Bradley, Asst. Atty. Gen., for the State.

**CARR, Presiding Judge.**

The accused, Norman Uptain, was indicted for the offense of murder in the first degree. To the indictment he interposed a plea of not guilty and a special plea of not guilty by reason of insanity.

The jury found the defendant guilty of murder in the second degree and fixed the punishment at seventeen years in the state penitentiary.

According to the State's evidence five men, including the defendant and the deceased, Henry Amos, were riding in an automobile. Each of the persons was drinking excessively. Without any legal excuse or justification the defendant reached over from his riding position on the back seat and cut Mr. Amos' throat with a pocket knife. The latter was riding on the front seat.

The appellant claimed that he did not cut the deceased. He contended that another member of the party inflicted the fatal injury.

From this thumbnail sketch of the tendencies of the evidence, it is unquestionably clear that the defendant was not due the general affirmative charge.

There was no evidence which tended in any manner or degree to establish the special plea of insanity.

In this state of the record, without being required to do so by one of the parties, the trial judge gave the following instruction in his oral charge: "There is no evidence in this case which would justify you in finding the defendant not guilty by reason of insanity."

Appellant's attorney duly excepted to this statement.

Title 7, § 270, Code 1940 provides:

"The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

This statute comes to us unchanged from the Code of 1852.

Prior even to the adoption of Supreme Court Rule 45 the appellate court recognized and applied the doctrine of error without injury with respect to violations of the above statute. Dugger v. Tayloe, 46 Ala. 320; Schloss v. Inman, Smith & Co., 129 Ala. 424, 30 So. 667.

In the case of Manning v. State, 217 Ala. 357, 116 So. 360, the opinion does not make it clear whether or not there was a request for the general affirmative charge. We have resorted to an examination of the original record and find that the court gave the instruction ex mero motu and exceptions were duly reserved to the statement. So we have a situation in exact analogy to that in the case at bar.

In response to the review Justice Thomas, writing for the court, held that this was not invasive of the provisions of the statute with which we are instantly concerned.

In Rowe v. State, 243 Ala. 618, 11 So.2d 749, the Supreme Court again reviewed this question in identical form with the exception that the defendant's attorney did not except to the statement. Justice Thomas wrote this opinion also. The court rested its holding on the fact that no exceptions were reserved. There is a rather extended discussion of the effective application of the statute. When the opinion is read in its entirety, the view of the court can hardly be left in doubt.

If it can be said that the court violated the provisions and mandates of the statute, the authorities support our view that it was error without injury. This because there was no evidence to sustain or support the special plea.

It is interesting to note that some of the authorities seem to take the view that if there is no evidence to establish a claim or contention, the statute is not violated if the trial judge so instructs the jury. In other words, such instruction is not a statement as to the effect of the evidence, but a determination and declaration by the judge that there is no evidence. Thomas v. State, 150 Ala. 31, 43 So. 371; Cole Motor Car. Co. v. Tebault, 196 Ala. 382, 72 So. 21.

Throughout the progress of the trial appellant's counsel made frequent motions for a mistrial. This action was inspired by the feeling and notion that the substantial rights of the accused were jeopardized by situations that developed at the time. Brief of counsel is devoted entirely to the insistence that we should predicate error on account of the court's rulings in this aspect.

It is not practical to laden this opinion with a discussion or treatment of each of these matters. We will set out from the record the one which in our view is the most serious in effective significance:

"Mr. Selman: Will you gentlemen admit that these cuts were not in this coat at the time of the last trial in this case?

"Mr. Skinner: I won't admit it, because I wasn't here.

"Mr. Wilson: Mr. Newton, will you admit cutting it?

"Mr. Newton: I didn't cut it, and I resent your saying that. You've had the coat, and if it has been cut you cut it.

"Mr. Wilson: You're a liar.

"The Court: Gentlemen, will you sit down please. Gentlemen of the jury, will you go into the jury room.

"The jury retired from the court room.

"Mr. Newton: You've had that coat, and if it was cut you cut it—

"Mr. Wilson: You're a liar!

"The Court: Both of you listen to me. I don't want to have to fine you for contempt of Court in this case, but—

"Mr. Selman: I saw him cut the coat myself. You had the knife in your hand going up and down—

"The Court: Gentlemen, this case is in a precarious condition after an outburst like that. What will the Supreme Court say about this case when it goes down? It might be that I ought to declare a mistrial.

"Mr. Wilson: Mr. Newton cut that coat when he was arguing to the jury.

"The Court: I don't know about that, but I do know you can't fight that out in this court room.

"Mr. Wilson: I think we can prove that he did by Judge Nettles.

"Mr. Newton: I'm going to ask you to fine him for calling me a liar.

"The Court: I'm not going to have a situation like this, I'll put you both in jail, and it won't be just for a day.

"Mr. Skinner: I want to make a motion, if I may, at this time. I have no feeling or any bitterness in this case, I am merely here to represent the defendant, and in my judgment, and I think the Court is inclined to agree with me, the defendant can't get a fair trial in this case. As a matter of fact the State of Alabama might not get a fair trial, but since I am here to represent the defendant and not the State, I want to make a motion for a mistrial.

"The Court: Your motion is before the Court, and I will rule on it after I have talked to the jury.

"Let me state to you that if there is another outburst like that in this case I will declare a mistrial. If you have any respect for the Court we won't have another scene like that, and I say to you frankly that I am not going to tolerate any more of that kind of thing while I am trying this case.

"Mr. Wilson: I respectfully request the Court to ask Mr. Newton not to make the statement that I cut this coat.

"The Court: I hope you both understand me, I want to make myself clear. You will refrain from any outburst like that before the jury again.

"(At this point the witness asked for a five minute recess, which request was granted by the Court.)

"The jury returned to the jury box.

"The Court: Gentlemen of the jury, let me have your attention just a moment. You heard what happened just before you went into the jury room. The State of Alabama is entitled to have this case tried fairly and without prejudice or feeling, and the defendant is entitled to that same thing, each one is entitled to a verdict based solely on the evidence as you hear it from the witness stand. I want to ask each one of you, separately and severally, since you have heard what you have, whether you can render a verdict in this case, after you have heard all the evidence, based solely on the evidence and the law as charged you by the Court, and not be influenced by either the solicitor for the State of Alabama or by the defense attorney or any other lawyer? I want to ask each one of you that question. Mr. Nelson, can you do that?

"Juror Nelson: Yes, sir.

"(Each juror was polled individually, each answered in the affirmative.)

"The Court: Do you feel that what has happened will not influence you, and that you can give this defendant a fair and impartial trial?

"(Each juror was polled individually, each answered in the affirmative.)

"The Court: In view of this instruction to the jury and their response to my questions, Mr. Skinner, I overrule your motion.

"Mr. Skinner: We except."

Of course, incidents of this nature have no place in the trial of a cause. The presiding judge handled the situation with commendable care and judicial poise.

It is to be noted that the jury was excused at the very beginning of the controversy. When they were recalled the judge was cautious and comprehensive in his instruction. Their response to the poll is indicated herein above.

■ We cannot say the occurrence so prejudiced the rights of the defendant that he was deprived of a fair and impartial trial.

Under the State's evidence the jury would have been authorized to find a verdict for murder in the first degree. The verdict which was returned certainly does not indicate that any prejudice existed against the defendant.

The insistence is made that the cumulative effect of the various incidents should demand a reversal. We do not think so. The instances which we have not specifically pointed out relate to matters which are not unusual in a hotly contested trial.

The cases of Pointer v. State, 24 Ala. App. 23, 129 So. 787, Blue v. State, 246 Ala. 73, 19 So.2d 11, and others we might cite are not in factual point.

The rulings incident to the introduction of the testimony relate to familiar rules of the law of evidence. We will pretermit any discussion of these matters.

The motion for a new trial raises the question of a quotient verdict.

Considerable testimony was taken at the hearing of the motion.

The jurors who were examined by the State testified in effect that after they had unanimously decided that the defendant was guilty and they were having some difficulty in arriving at the punishment, it was suggested that a secret ballot be taken on the number of years to impose. The foreman cautioned that it would not be legal for the decision to be made in this manner. One of the jurors said: "Let's take a secret ballot so we can get started." This was done by each juror writing a number on a piece of paper. The total of these numbers divided by twelve was seventeen years and eight months.

294

■ It appears that it was understood that the result of the balloting would not determine the final decision. In fact, the verdict was not finally agreed upon until three or four hours after the result of the voting was disclosed.

■ The authorities hold that, if there is no agreement among the jurors in advance of the voting that the average estimate shall be binding, and the balloting is done merely for the purpose of forming a working basis as was done in the case at bar, the verdict is not vitiated. Harris v. State, 241 Ala. 240, 2 So.2d 431; Sanders v. State, 243 Ala. 691, 11 So.2d 740; City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264, 122 A.L.R. 637; McBride v. Baggett Transp. Co., 250 Ala. 488, 35 So.2d 101; Fortson v. Hester, 252 Ala. 143, 39 So.2d 649; Copeland v. State, 252 Ala. 399, 41 So.2d 390.

Many of the written charges which were refused to the defendant relate to the doctrine of insanity. They are abstract.

Several of the charges referred only to murder in the first degree. The verdict of the jury made these inapplicable.

Refused instructions numbered 2, 7, 8, 20, and 42 are not based on the evidence in the case. Edwards v. State, 205 Ala. 160, 87 So. 179; Jones v. State, 209 Ala. 655, 96 So. 867.

Charges numbered 9, 10, 12, and 21 include a consideration of the offense of manslaughter. The legal principles set out in these instructions could have no application to manslaughter. Curlee v. State, 240 Ala. 16, 195 So. 430; Cagle v. State, 211 Ala. 346, 100 So. 318.

Charge 34 is incomplete and unintelligible. Miller v. State, 15 Ala.App. 4, 72 So. 506.

■ It is doubtful that any phase of the evidence brought into account the doctrine of self-defense. In any event, each of the refused charges which sought to pronounce this principle failed to include the essential element of freedom from fault.

We do not find any prejudicial error in the record.

The judgment below is ordered affirmed.

Affirmed.