108 So.2d 382

**Ike MOORE**

v.

**STATE.**

**I Div. 774.**

Court of Appeals of Alabama.

Jan. 13, 1959.

Harry Seale, Mobile, for appellant.

John Patterson, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

Under an indictment charging murder in the first degree this appellant stands convicted of manslaughter in the first degree, his punishment having been fixed at imprisonment in the penitentiary for a term of five years.

The evidence below presents a background of this killing in general as follows.

The appellant, a sixty-eight year old man, weighing some one hundred and thirty pounds, and crippled, shot his daughter-in-law, Jimmie Lee Moore, four times with a pistol, from the effect of which bullet wounds the daughter-in-law later died.

The daughter-in-law was a large woman weighing over three hundred pounds.

The deceased and her husband lived in the north side of a duplex, and the appellant lived in a house a few feet north of the duplex.

Maggie Lee Autrey lived in the south side of the duplex.

The relations between the appellant and deceased had not been harmonious for some time. The deceased had threatened to kill appellant, and had not spoken to him for some months.

For the State Maggie Lee Autrey testified that on the morning of the shooting she had heard appellant tell his son, the husband of the deceased, that if he did not pack up and leave he would go and give "that woman something she couldn't stand." A short time later she saw the appellant descending the rear steps of deceased's apartment, the deceased being in the back yard washing. She heard the deceased tell appellant: "Put that gun up and get back up the hill." At this time the deceased was advancing on the appellant with a shovel handle in her hand. At this point the appellant fired his pistol, and deceased fell, dropping the shovel handle. The deceased then crawled up the steps into her apartment, and the appellant returned to his home.

The appellant's version was that on the morning in question he had seen a cat after his chickens in his back yard. He got his pistol and went into the yard to kill the cat. The cat got away. While on this mission the appellant saw the deceased in her yard. At the fence separating the two yards he called her to come to the fence. She replied: "I ain't coming to you and you damn sure better not come to me." Upon this exchange the appellant went back into his house.

In a moment or so he left his house and entered the front of the duplex occupied by the deceased. Walking through the duplex he started down the rear steps of the duplex into the back yard where the deceased was washing. Then, according to the appellant: "As I was coming up on the second step she says to me I have told it enough so you will know that if you come down here they will carry you up that hill on a stretcher."

The appellant continued on down the steps, and was met by the deceased with the shovel handle. She struck appellant twice with the shovel handle, when the appellant drew his pistol and fired at her. The appellant returned to his home.

The court's ruling was invoked only a few times in the trial below. In each such instance the court's ruling was with the appellant, or if not with the appellant, was palpably correct.

In fact the only errors urged by appellant's able counsel in his brief pertain to the refusal of four unnumbered charges.

Three of these charges pertain to certain principles of law relative to self defense.

■ These charges were refused without error.

The appellant was in no position to invoke the doctrine of self defense, since the undisputed evidence shows he was not free from fault in bringing on the difficulty.

As stated by Sayre, J., in Madry v. State, 201 Ala. 512, 78 So. 866, 868:

"The defendant may have been at fault in bringing on the difficulty, though he may not have entertained the specific intent to bring it on. The law required that he should be mindful in this regard of the probable consequences of any wrongful word or act. *He must have been free from all fault, or wrongdoing, which had the effect to provoke or bring on the difficulty.* McQueen v. State, 103 Ala. 12, 15 So. 824; Crawford v. State, 112 Ala. 1, 21 So. 214; Griffin v. State, 165 Ala. 29, 50 So. 962." (Italics ours).

■ The act of this appellant, being armed, in entering deceased's premises as he did, after being warned by the deceased in strongest terms not to do so, amounted to legal fault in provoking the difficulty.

■ Furthermore, each of the three charges now being considered were faulty in pretermitting all reference to the elements of freedom from fault, and duty to retreat, elements essential to a showing of self defense. Uptain v. State, 37 Ala.App. 290, 71 So.2d 111; Russell v. State, 19 Ala. App. 425, 97 So. 845; Scoggins v. State, 120 Ala. 369, 25 So. 180.

■ The remaining refused charge was as follows:

"The court charges the jury that a grand jury indictment is not to be construed or taken as evidence in the trial of this case."

We find that in its oral instructions the court instructed the jury: "The indictment, of course, gentlemen, is merely a presentment to you, and is not evidence in the case."

Such oral instruction substantially covered the principle set forth in the refused charge, and rendered such refusal harmless.

Affirmed.