307 So.2d 43

**Rufus LAMBERTH**

**v.**

**STATE.**

**5 Div. 277.**

Court of Criminal Appeals of Alabama.

Jan. 21, 1975.

Radney & Radney, Alexander City, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State, appellee.

HARRIS, Judge.

Appellant was indicted for murder in the first degree and convicted of manslaughter in the second degree and the jury fixed his punishment at twelve months in the county jail. At arraignment and trial he was represented by counsel of his choice who also represents him on appeal.

The homicide grew out of a head-on collision of two motor vehicles on May 4, 1974, on Alabama Highway 63 in Tallapoosa County, Alabama. This was a two-lane highway at the time and place of the collision. Appellant took his father's car without his permission on Saturday afternoon, May 4th, around 2:30 P.M. The collision occurred about 4:30 P.M. on the same day. When appellant's father discovered that his son had taken his car, he called the Police Department of Alexander City and requested they find his car and return it to him. An APB (All Points Bulletin) was broadcast on the police radio and was picked up by a state trooper, who was cruising along on Highway 63 about three hundred yards from the place where the accident happened. The trooper was notified about the collision and was at the accident scene within three minutes. The vehicles had not been moved when he arrived.

According to the state's evidence, appellant was driving his automobile up a hill at a speed of 75 to 80 miles per hour. It was raining at the time. He passed one vehicle going in the same direction and was immediately confronted with a double-yellow line (a no passing zone) to the right of the center line of the highway. He apparently lost control of his car and crossed the double-yellow line near the crest of the hill which the highway curves. He was in the wrong lane of traffic and was met by a station wagon and in attempting to maneuver his high speed car into the proper lane of traffic, he caused the on-coming station wagon to hit him broadside. There were three occupants of the station wagon and they sustained severe personal injuries from which they died as a result of appellant's reckless and wanton conduct.

Appellant was rendered unconscious as a result of the impact and the state's witnesses who rendered him first aid, including the state trooper, two ambulance attendants and the doctor who treated him in the emergency room of a local hospital, testified there was strong odor of alcohol on his breath. There is no evidence in the record as to when appellant regained consciousness. There is evidence that the medical team at the local hospital considered his injuries so serious as to warrant transferring him to the University Hospital in Birmingham for definitive care and treatment.

At the close of the state's case, the court charged out the two degrees of murder and

left the two degrees of manslaughter for the jury's consideration.

The only insistence of error of any major significance has to do with the action of the trial court in overruling and denying appellant's motion for a mistrial during the prosecution's closing argument to the jury.

From the record:

"I believe, and I am sincere in this, by looking at the evidence and what you heard, that you can say, that Rufus Lamberth, out there on that highway that day had a complete disregard for human life. I tell you, something has got to be done about drunk driving on our roads. Somebody has got to take a stand somewhere, because, the problem is getting greater, the deaths are getting bigger, and people like Rufus Lamberth need to be punished.

"*Mrs. Beulah Traylor can't be here today to tell you her story because she is lying in a grave in Chambers County, nor, any of these others that were there, the only person that can tell you about it, is Rufus Lamberth.* (Emphasis supplied)

"TOM RADNEY: May we approach the bench?

"COURT: Yes sir, Mr. Sims, step up here a minute. (WHEREAS, THE COURT REPORTER, MR. TOM RADNEY, MR. LEE SIMS AND MR. CHARLES O. AARON ALL APPROACHED THE BENCH. STATEMENT MADE BY MR. RADNEY OUT OF HEARING OF JURY.)

"TOM RADNEY: Your Honor, at this time, we move for a mistrial, because this is a statement based on the fact that the defendant did not testify, and we move for a mistrial.

"COURT: Overrule your motion for a mistrial.

"TOM RADNEY: Reserve an exception. (MR. LEE SIMS GOES BACK TO ARGUE CASE TO JURY.)

"COURT: Members of the Jury, disregard the last comment made by Mr. Sims, just disregard that statement."

The appellant did not testify in this case. Such privilege is guaranteed by the Alabama Constitution of 1901, Article 1, Section 6, providing that in all criminal prosecutions the accused "shall not be compelled to give evidence against himself". This constitutional privilege is further fortified by Title 15, Section 305, Code of Alabama 1940, that: "On the trial of all * * * criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

There can be no doubt that the italicized portion of the prosecutor's argument to the jury was a *direct* comment on the failure of appellant to testify in contravention of the privilege accorded to him by the constitution and the statutory law of this state.

The record reflects that after the trial court overruled appellant's motion for a mistrial, to which an exception was duly reserved, and Mr. Sims, the assistant district attorney, went back to the jury to conclude his argument, it was then, and only then, that the court said, "Members of the jury, disregard the last comment made by Mr. Sims, just disregard that statement." *If* this statement of the court was in reference to the italicized portion of Mr. Sims's argument, then the admonition of the court was perfunctory at best. He did not advise the jury of appellant's constitutional and statutory privilege against self-incrimination and the fact that he had exercised this sacred privilege was not to be considered as evidence of his guilt of the charges for which he was on trial. The error here is that the court said too little. Had the trial court employed language strong enough to have eradicated from the minds of the jurors the poison injected into the case by the prosecutor's argument the error could have been cured.

As an illustration, we take the following from Troup v. State, 32 Ala.App. 309, 26 So.2d 611:

"The record discloses that during the argument to the jury the following occurred:

'Major W. H. Long, in his argument to the jury, called for the written confessions of the defendant, and he stated to the jury, among other things, that Mr. Troup had not denied the signatures to the written confessions, and in addition to that, Major Long stated to the jury that Mr. Troup had not denied the confession that John A. Caddell testified about.

'Defendant moved for a mistrial because of the remarks of the Solicitor to the jury.

'The Court stated to the Jury:

'Gentlemen of the jury, a few minutes ago Mr. W. H. Long, Solicitor of the Eighth Judicial Circuit, among other things, in his argument to the jury, made reference to a written showing that had been permitted to go to you as part of the evidence in this case—I mean a written confession instead of showing—by the defendant, and he stated to the jury that the defendant had not denied his signature to that confession, and immediately thereafter he made reference to a confession alleged to have been made by the defendant to John A. Caddell, one of the Attorneys for the City of Decatur, and the Solicitor said that there had not been any denial of that. Gentlemen of the Jury, that was an improper argument on the part of the Circuit Solicitor. It is the law that the defendant can use his own judgment and discretion as to whether or not he will take the stand. It is a constitutional right that is thrown around this defendant and if he elects not to take the stand there ought not be any comment on the part of the Solicitor or anyone else in this case in reference to that fact. That is his privilege, he can take the stand and become a witness if he desires, or he need not do it. So, Gentlemen, I want to caution you seriously not to let those remarks by the Circuit Solicitor influence you in any degree in arriving at your verdict. Those remarks have no place in this trial and I want you to disregard those remarks. Do not consider anything that the Solicitor said in reference to that matter and do not let anything that he said along that line influence you. That is out of the case, those things that he said, and as I said a moment ago, it was no doubt inadvertently made by the Solicitor, but it was improper and it should not have been made.

'Mr. Lynne: We want a ruling on our motion.

'Court: The motion is overruled.

Mr. Lynne: We reserve an exception, and we except to the instruction of the Court because it has not eradicated the invasion of the man's constitutional rights; it is prejudicial and cannot be wiped out.

'Court: All right, let's go along.

'Mr. Lynne: And we reserve an exception.

'Major Long: "Gentlemen of the Jury, I am sorry I made that statement to you."

'Mr. Lynne: That is a recalling of it to the jury's mind. We make the same motion. That is a reaffirmation of it, it is again putting it in the mind of the jury, and for that reason, we make the same motion that a mistrial be entered.

'Court: Overrule it.

'Mr. Lynne: We reserve it.'

\*  \*  \*  \*  \*  \*

"In connection with the above provisions there seems to be a well developed subsidiary doctrine resulting from our cases that where a prosecuting officer improperly comments on a defendant's failure to testify, and the trial court sustains the objection thereto and promptly and ap-

propriately instructs the jury of the impropriety of such remarks, then such remarks should not cause a reversal of the case. Watkins v. State, 21 Ala.App. 585, 111 So. 43; Lucas v. State, 24 Ala.App. 468, 137 So. 902; Curlette v. State, 25 Ala.App. 179, 142 So. 775; Gable v. State, 31 Ala.App. 280, 15 So.2d 594, certiorari denied, 245 Ala. 53, 15 So.2d 600.

"We have set out verbatim that portion of the record dealing with the improper remarks of the Solicitor in order to show the vigor with which the trial judge attempted to erase any injury to appellant resulting from such remarks. In view of the doctrine of the cases cited above, the strong tendency of the evidence pointing toward appellant's guilt, and the strength of the trial judge's remarks to the jury concerning the impropriety of such remarks, we do not feel that the appellant was sufficiently prejudiced to justify a reversal of the case for this incident of the trial."

Other matters are presented for our consideration, but we do not feel they need treatment in this opinion.

From the record before us the guilt of appellant is overwhelming but even the guilty is entitled to a fair and impartial trial under our adversary system of justice.

For the error indicated, the judgment of conviction must be reversed and remanded for a new trial.

Reversed and remanded.

All the Judges concur.

CATES, Presiding Judge (concurring):

I agree with Judge Harris.

 Because of the need for a new trial, I also think there was additional reversible error in the refusal of the trial judge to strike out (on defendant's motion) a volunteered response of a State witness.

The record shows:

"Q. Officer Johnson, around 4:00 o'clock in the afternoon of that day, did you have occasion to be on Highway 63?

"A. I did.

"Q. What was the purpose?

"A. I had received a call on a car.

"Q. What kind of car was that?

"A. Black and red—'68 Ford. Ran two cars off the road, just south of Alex City.

"TOM RADNEY—We are going to object, and move to exclude that, he couldn't possibly know, unless he saw it, that the man ran anybody off the road. Move to exclude that from the jury, please the Court.

"COURT—Overrule that. He said he had a 'call.' "

This was patently inadmissible and moreover was prejudicial. Ivory v. State, 237 Ala. 344, 186 So. 460.

TYSON and HARRIS, JJ., concur herein.