The appellant was convicted of second degree murder and sentenced to ten years' imprisonment. Because of the District Attorney's highly improper comment in closing argument on the appellant's failure to testify and the failure of the trial judge to cure this violation by prompt and vigorous instructions to the jury this cause must be reversed.
 I
The evidence revealed that on the morning of June 14, 1977, the appellant fired three shots from a .22 caliber pistol into Kenneth White after he had allegedly raped her and threatened her and her children. During the State's closing argument the Assistant District Attorney made the following comment in the presence of the jury:
 "There were two eye witnesses to what happened, who are they? Kenneth White was an eye witness, he is dead, so he cannot testify. Linda Sue Qualls was an eye witness to what happened. Now what testimony have you heard from anybody as to what happened during the time —"
Defense counsel objected to this remark and the trial court sustained, but gave no curative instructions for the jury to disregard the comment. This constituted reversible error.
Alabama Code Section 12-21-220 (1975) states:
 "On the trial of all . . . criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel. . . ."
The remark made by the prosecutor constituted a direct comment on the appellant's failure to testify. Such remarks are prejudicial, in disregard of a defendant's constitutional and statutory rights, and have been condemned time and time again by this court and the Alabama Supreme Court. Beecher v. State,294 Ala. 674, 320 So.2d 727 (1975); Robinson v. State,352 So.2d 11 (Ala.Cr.App.), cert. denied, 352 So.2d 15 (Ala. 1977);Everage v. State, 33 Ala. App. 291, 293, 33 So.2d 23 (1947).
"Where there has been direct comment on defendant's failure to testify, and the trial court has not promptly acted to cure such a statement, the conviction must be reversed." Beecher, supra, 294 Ala. at 681, 320 So.2d at 733. After defense counsel either objects to the improper comment or moves to have the remark excluded, it becomes "the duty of the judge not only to sustain said motion or objection, but also to exercise a reasonable degree of effort to eradicate its effect from the mind of the jury." Broadway v. State, 257 Ala. 414, 416,60 So.2d 701, 702 (1952). This court has held that the admonition to the jury that they disregard such improper remarks must be strong and not merely perfunctory, and that the trial court may err to reversal by saying too little to eradicate the damage.Lamberth v. State, 54 Ala. App. 233, 235, 307 So.2d 43 (1975). Here no corrective instructions were given and no effort was *Page 951 
made to purge this statement from the mind of the jury. Thus there is no prima facie presumption against error. Robinson, supra, 352 So.2d at 14.
Adhering to the principles expressed this case is due to be reversed and remanded.
 II
Should this case be retried we point out for the benefit of all concerned that evidence of the character of the accused, good or bad, offered for the purpose of showing his conduct on a specified occasion, is not provable by evidence of his specific acts or course of conduct. This entire subject is treated in a clear and thorough manner in C. Gamble, McElroy'sAlabama Evidence, §§ 26.02-27.02 (3rd ed. 1977).
In view of the comments of the District Attorney, which were not cured by proper instruction, we cannot say that the appellant received a fair and impartial trial, free of constitutional infirmity, to which she and all other defendants are entitled. Therefore this case is reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.