Violation of Alabama Uniform Controlled Substances Act; sentence: eleven years imprisonment and $10,500 fine.
During the afternoon of November 8, 1978, the appellant sold 110 milligrams (.00388 oz.) of cocaine to one James Cowson, *Page 657 
a third party used on this occasion by the North Alabama Drug Unit to make such a purchase. The purchase was witnessed by Florence Police Officers Don Harmon and Randy Jones, both of whom were at the time assigned to the drug unit. The appellant was indicted during the November 1978 term of the grand jury and subsequently arrested on February 2, 1979. We pretermit further discussion of the facts as an issue concerning the prosecutor's closing argument is dispositive of the cause.
Appellant contends that the trial court erred in denying his motion for a mistrial and/or a new trial based on certain comments of the prosecuting attorney during his closing argument. In pertinent part the questionable comments are as follows:
 "MR. PATTON [Prosecuting Attorney]: I have been sitting here watching the defendant nod and I don't know how he expects to defend himself.
 "MR. UNDERWOOD: Objection, Your Honor. He's not allowed to make any inferences as to what the defendant was doing or anything like that. I ask for a mistrial — that's prejudicial error — he's not suppose [sic] to do that.
 "BY THE COURT: I'm going to sustain the objection, but I am going to overrule the motion for a mistrial.
"MR. UNDERWOOD: That's not good tactics, Your Honor.
 "MR. PATTON: You got an opportunity to observe him. He sat here for two days.
 "MR. UNDERWOOD: Objection, Your Honor. He's not allowed to make inferences that they should be observing on the manner or demeanor of the defendant.
"BY THE COURT: I'm gonna sustain the objection.
 "MR. UNDERWOOD: Your Honor, would you tell the District Attorney not to go into something as tactless as this?
 "BY THE COURT: Let me say this to the District Attorney — let's get on and confine your argument to the evidence on inferences from the evidence." (Emphasis added.)
Appellant asserts that the above comments directly point out his failure to testify in contravention of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, § 6, Constitution of Alabama 1901, and § 12-21-220, Code of Ala. 1975.
It is apparent that the first statement of the prosecuting attorney can only be construed as a direct comment on the failure of the appellant to testify. The second statement adds to the prejudicial quality of the first. Such amounts to reversible error unless the trial court takes proper action to eradicate its harmful effect. Whitt v. State, Ala.,370 So.2d 736 (1979).
In the instant case appellant's counsel objected, and the trial court sustained. He then moved for a mistrial which the trial court overruled. The trial court, near the end of its oral charge, instructed the jury:
 ". . . the fact that the defendant has not testified in this case is not to be considered by you as evidence against the defendant. Nor is it to be considered by you as an admission of guilt on the part of the defendant. . . ."
The instruction was virtually identical to appellant's refused requested charge except his was grammatically incorrect and thereby properly refused. However, as to the sufficiency of such charges, see Smith v. State, Ala.Cr.App., 370 So.2d 312, cert. denied, Ala., 370 So.2d 319 (1979). See also: Burson v.State, Ala.Cr.App., 373 So.2d 1239 (1979).
In Whitt, supra, at page 739, Justice Bloodworth stated:
 "A good example of a prompt, appropriate, and vigorous instruction to the jury as to the impropriety of comments on the failure of the defendant to testify is found in the case of Troup v. State, 32 Ala. App. 309, 26 So.2d 611 (1946). There, then Judge Harwood wrote that the instructions were sufficient to remove any probability of prejudice to the defendant. "We do not suggest that a trial court's instructions, in order to remove any possible prejudice from improper comments by the district attorney as to the failure of *Page 658 
the defendant to take the witness stand, need be in the same verbiage as those in Troup v. State, supra. We will consider the circumstances of each case on its own, considering the type of remark, whether reply in kind or not, whether promptly objected to, and the appropriateness of the trial judge's instructions.
 "We suggest that, at a minimum, the trial judge must sustain the objection, and should then promptly and vigorously give appropriate instructions to the jury. Such instructions should include that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and, that no presumption of guilt or inference of any kind should be drawn from his failure to testify. With appropriate instructions, we hold that the error of the prosecutor's remarks will be sufficiently vitiated so that such error is harmless beyond a reasonable doubt. U.S. v. Brown, 546 F.2d 166 (5th Cir. 1977); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Beecher v. State, [294 Ala. 674, 320 So.2d 727] supra."
Applying the above standards, we find:
(1) The trial court sustained the appellant's objection; however,
(2) The court failed to promptly instruct the jury;
(3) The court failed to promptly instruct the jury that the comment was improper and to disregard it;
(4) The court failed to promptly instruct the jury that statements of counsel are not evidence and that the defendant has a privilege to testify in his own behalf or not and cannot be compelled to do so against himself; and
(5) The court failed to instruct the jury that no presumption of guilt or inference of any kind should be drawn from the failure of the defendant to testify.
Therefore, pursuant to the decision of the Alabama Supreme Court in Whitt, supra, this case must be reversed and remanded for a new trial.
For a collection of cases dealing with similar comments, see:Sellers v. State, 48 Ala. App. 178, 263 So.2d 156 (1972); Welchv. State, 38 Ala. App. 239, 81 So.2d 897 (1954), reversed,263 Ala. 57, 81 So.2d 901 (1955); Everage v. State, 33 Ala. App. 291, 33 So.2d 23 (1947). For more recent cases discussing the subject, see: Beecher v. State, 294 Ala. 674, 320 So.2d 727
(1975); Yarber v. State, Ala., 375 So.2d 1231 (1979) wherein a general objection preserved the error; Fleenor v. State, Ala.Cr.App., 372 So.2d 902, cert. denied, Ala., 372 So.2d 904
(1979); Qualls v. State, Ala.Cr.App., 371 So.2d 949, cert. denied, Ala., 371 So.2d 951 (1979); Robinson v. State, Ala.Cr.App., 352 So.2d 11, cert. denied, Ala., 352 So.2d 15
(1977); Lamberth v. State, 54 Ala. App. 233, 307 So.2d 43
(1975); and cases cited therein. Cf. Nix v. State, Ala.Cr.App.,370 So.2d 1115, cert. denied, Ala., 370 So.2d 1119 (1979) wherein the comment was held eradicable by the trial court's actions.
We specifically note that § 12-21-220, Code of Ala. 1975, sets forth an emphatic mandate:
 ". . . If the district attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within 30 days from entry of the judgment." (Emphasis added.)
Here, the trial court's failure to take prompt remedial action as per Whitt, supra, requires reversal.
REVERSED AND REMANDED.
All the Judges concur except DeCARLO, J., concurs in result only. *Page 659