(128 So. 589)

## PENDLEY v. STATE.

### 6 Div. 724.

Court of Appeals of Alabama.
May 27, 1930.

540

Charlie C. McCall, Atty. Gen., Wm. P. Cobb, Asst. Atty. Gen., and M. E. Nettles and Davis & Curtis, all of Jasper, for the State.

Pennington & Tweedy and J. B. Powell, all of Jasper, and Beddow & Ray, of Birmingham, for appellant.

### RICE, J.

Appellant was indicted for the offense of murder in the first degree, tried, and convicted of the offense of murder in the second degree. The jury fixed his punishment at imprisonment in the penitentiary for the term of ten years and *one day*.

Perhaps a sufficient reference to the *facts* shown, or tended to be shown, by the evidence, will be contained in the following excerpt from the learned trial judge's oral charge to the jury, which we will quote, and adopt as our own, to wit: "Now, gentlemen,

there are two theories in the case, to say the least of it. The State contends that the defendant unlawfully killed Tommie Johnson. The defendant says that he did not. The State contends that the defendant and his three brothers, on one Sunday morning, down there in this county, were together, and that they were armed with a shot gun or other arms, and that they saw the deceased, Tommie Johnson, down there at an old saw mill, and that after waiting around there for a while, they went on off up the road for a distance that you have heard testified, and that they lingered along there waiting for Tommie Johnson to come along, and that they finally got to a place on the road where they waited for the purpose and with the intention of killing or injuring Tommie Johnson; that is the contention of the State in this case, in substance. Now, the defendant says that that is not true, that that contention is wrong. The defendant contends that these boys, the defendant and his three brothers, were out on a public highway, going on towards their home, about their business, not bothering or interfering with anybody, that they had their guns but that they had the right to do so, had them for no improper or illegal purpose, and they strolled on along with a cousin of theirs, taking their time, and that, without any knowledge or suspicion that anyone was going to harm them or follow them, that they went on up the road, and after they got up the road some distance from the mill, where they had last seen Tommie Johnson, that they looked back and they saw Tommie Johnson coming along the road with a shot gun following them, and that he was coming up on them with the gun pointed in their direction, and that when they saw it, they turned and ran and after—and that Tommie Johnson shot at them while they were retreating, and that one of them turned and returned the shot in self-defense; that they did that in order to protect themselves. They claim that one of the boys was shot in the back of the neck and that one of them was shot along the side of the face, and that what they did, they did to protect themselves and under circumstances that the law will excuse or justify."

Some elaboration could be made by us, on the above-quoted summary, but we doubt its necessity.

■ Under the issues as made by the evidence, we are unable to see the relevancy of the testimony given by the state's witness Lester Pendley, as to the fact that appellant (defendant) was seen "drinking whisky" at the "old saw mill" some one and a half or two hours before the killing of deceased, and something like a quarter of a mile away from where the killing occurred.

The only purpose to be served by this testimony was, in our opinion, to prejudice the jury against appellant by an immaterial matter, and it was error to overrule appellant's objection to the question calling for same. Bintson v. State, 22 Ala. App. 338, 115 So. 695.

■ Appellant's written, requested, refused, charge 3 seems to be amply covered by, or the substance thereof fully included in, the trial court's oral charge, in connection with the written charges given at appellant's request, especially given written charge 9. There was, then, no error in refusing to give the said written charge 3.

We find no error in the refusal of appellant's written charges 15 and 25. Whatever else might be said about them, they were each, in our opinion, fully covered by and included, in substance, in, either the trial court's oral charge, or some one or more of the written charges given at appellant's request.

About the same comment could be made with reference to appellant's refused charge 17.

■ Appellant's written, requested, refused, charge 4 was refused without error under the holding by our Supreme Court in Buffalow v. State, 219 Ala. 407, 122 So. 633.

■ While it is true that the fact of a former difficulty between deceased and appellant, and its gravity, etc., vel non, was a legitimate object of legitimate proof, yet we are not persuaded that there was error in sustaining the state's objection to the question asked the witness, Lester Pendley, as to whether the "fight" (the former difficulty between deceased and appellant) he was referring to was the "fight where Tommie Johnson *is alleged* to have held a shot gun on Archie Pendley, etc." The witness, Lester Pendley, was shown *not* to have been present, and hence *his* testimony could have been no more than hearsay. See Buffalow v. State, supra.

■ Whatever may be the situation with regard to the sufficiency of the evidence to support an inference of a conspiracy among the four Pendleys, Archie, Jess, Charlie, and Alfred, to bring about the death of deceased at the time he was killed, as we read the record there is *no* evidence of the existence of such conspiracy, at the time mentioned in the testimony of Cleve Painter, when he was allowed to testify over appellant's timely objection, due exception being reserved, as to threats made against the life of deceased by Jess Pendley. As was said by this court, speaking through Samford, J., in the opinion in the case of Lancaster v. State, 21 Ala. App. 140, 106 So. 609, 612: "If and when, but not before, the conspiracy is formed, each conspirator is bound by the acts and declarations of his coconspirators done and said in furtherance of the common purpose. Leverett v. State, 18 Ala. App. 578, 93 So. 347; Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am. St. Rep. 91. *But declarations made before the formation of the conspiracy* or after the consum-

mation of its purpose are not admissible, unless so closely allied with the commission of the crime as to become a part of the res gestæ, in which event they are a part of a continuous transaction. Leverett's Case, supra; Martin's Case, supra; 5 R. C. L. 1089 (39)."

In accordance with the above, we hold it was prejudicial error to overrule appellant's objections to the questions to the said witness Painter, calling for this testimony.

While, in view of the answers elicited from the witness to other questions, more or less similar in nature, we would not say it was reversible error to sustain the state's objections to the questions put to the witness Lester Pendley by appellant, referred to under proposition nine in appellant's brief filed here, yet, the safer course would have been for the trial court to have allowed same. Ratliff v. State, 212 Ala. 410, 102 So. 621.

The trial court's action on appellant's motion for a new trial is not before us for review—if indeed any action was ever taken upon same. Consequently, we do not deem it wise to make any comment upon the rather unusual punishment of imprisonment in the penitentiary for the term of ten years and *one day*, imposed by the jury. We think the case should be retried, and, for the errors indicated, the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.