STATE of Missouri, Respondent,

v.

Daniel Patrick SMITH, Appellant.

No. 45588.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1957.

Kenneth K. Simon, Kansas City, for appellant.

John M. Dalton, Atty. Gen., J. Richard Roberts, Special Asst. Atty. Gen., for respondent.

VAN OSDOL, Commissioner.

Defendant, Daniel Patrick Smith, was convicted of robbery in the first degree, § 560.120, RSMo 1949, V.A.M.S. Punishment was assessed by the jury at five years in the penitentiary; but the place of confinement was commuted, and defendant was sentenced to confinement for five years in the intermediate reformatory. Defendant has appealed, but has filed no brief herein. In our review, we shall look to defendant's motion for a new trial for his assignments of error. State v. Rush, Mo.Sup., 286 S.W.2d 767.

By assignments Nos. 1 and 2, defendant asserts error of the trial court in refusing to direct a judgment of acquittal. More particularly the two assignments question the sufficiency of the evidence in showing the identity of defendant as a participant in the robbery.

The State introduced evidence tending to show that Tom Murray, in the evening of December 31, 1955, went to a drug store on a corner of 12th and Troost in Kansas City, and, having bought some cigars, left the drug store and walked along the west side of Harrison Street. Murray heard a noise behind him and, as he turned around to look, "three men jumped" on him. He was twice struck above the right eye and twice knocked down. The three assailants "went through" his pockets and took his purse containing about eleven dollars. He did not clearly see the other two men, but he saw the man who struck him. The man "had a leather jacket on * * *

that big fellow ('he must be five foot nine') hit me, this fellow here." There was a street light nearby in the center of the street. The man who struck Murray was "right up close" to him. The man "was leaning down right over me, I was looking up at him, that is when he hit me the second time I fell."

Murray was taken to a hospital where the laceration above his right eye was repaired by a seven-stitch suture. Within a few minutes police officers apprehended defendant and one Johnson in the vicinity of the place of the robbery. The officers testified that defendant was wearing a dark-colored leather jacket, and Johnson a light-colored sport coat. The officers took defendant and Johnson to the hospital where Murray identified defendant as his assailant and a participant in the robbery. The identification first was made when defendant had on the dark-colored leather jacket, and again when defendant and Johnson were subsequently brought into Murray's presence after defendant and Johnson had been required to "switch" coats. The following morning at the police station Murray identified defendant at a "show-up" where defendant was "lined up" with three other colored men.

■ We are of the opinion that the evidence is substantial in supporting the conviction of defendant as a participant in the robbery. There can be no real question of the substantiality of the State's evidence in tending to show that a robbery was committed by violence to the person of Murray. The robbery was committed, according to the witness Murray, at a place near a light illuminating the street. The man who actually struck the blows in the felonious encounter was "right up close" to Murray. This man was "leaning down right over" Murray, who was "looking up at him." The evidence of the proximity of the witness Murray to his assailant in the lighted street when the robbery was committed, enabling the witness to observe his assailant, and the witness' positive identification of the defendant as the assailant and participant in the commission of the crime as charged, constituted evidence of substantial probative value, and was, in our opinion, sufficient in supporting the submission and the verdict and judgment of conviction. State v. Davis, Mo.Sup., 161 S.W.2d 973; State v. Preston, Mo.Sup., 184 S.W.2d 1015; State v. Dupepe, Mo. Sup., 241 S.W.2d 4; State v. Brown, Mo. Sup., 298 S.W.2d 351.

In assignment No. 3 of the motion for a new trial, defendant contends the trial court erred in subjecting defendant to trial in the Circuit Court. It is asserted that the record shows defendant is a minor sixteen years of age; that the information had been filed before "the Juvenile Court had waived jurisdiction in this case over Defendant; and no new information was filed in this case and no preliminary arraignment and hearing held *after* the Juvenile Court had waived jurisdiction. Therefore the proceeding is a nullity."

■ Herein, the transcript on appeal, which was to be settled, prepared, served and filed in the manner provided in civil cases, § 512.110, RSMo 1949, V.A.M.S.; Supreme Court Rule 28.08, 42 V.A.M.S., contains no transcript of any proceedings prior to the filing of the information, January 18, 1956, under which defendant was tried and convicted. The transcript does show that on March 1, 1956, defendant moved the dismissal of the case and "that the defendant be remanded to the custody of the Juvenile Court of Jackson County, Missouri, for proceedings therein." The stated grounds for the motion were that defendant was charged in the Circuit Court with the crime of robbery in the first degree, and that "said defendant is in truth and fact a juvenile, having been born on June 9, 1939." The transcript discloses that on the same day (March 1st) the motion to dismiss and remand was "taken up, fully heard and considered and by the Court taken under advisement" until March 8th, on which latter date the motion was

again "taken up, heard and considered and by the Court overruled." The assertions in defendant's motion for a new trial do not prove themselves. The evidence which was proffered or adduced, if so, in support of defendant's motion to dismiss and remand has not been included in the transcript herein on appeal, neither was any transcript of the proceedings preliminary to the filing of the information in the Circuit Court included in the transcript on appeal. It was defendant's duty to see to it that a proper record was made in the trial court including any evidence proffered or introduced in support of defendant's motion, as well as the record, or a transcript thereof, of whatever preliminary proceedings the validity of which defendant desired to question, and to cause a transcript of such evidence and of such preliminary proceedings to be incorporated in the transcript on appeal. Since the transcript on appeal does not include these matters, there is no record preserved and presented herein for our review of the contention set forth in defendant's assignment No. 3. In this state of the record we must assume the trial court was fully advised and acted correctly in the circumstances. State v. Miller, 307 Mo. 365, 270 S.W. 291; State v. Wynne, 353 Mo. 276, 182 S.W.2d 294; State v. Skaggs, Mo.Sup., 248 S.W.2d 635.

In assignments Nos. 4 and 5, defendant complains of the action of the trial court in accepting the verdict when (it is said) in truth and in fact only eleven persons agreed to the verdict; and of the action of the trial court in refusing to permit evidence to be introduced tending to show that the announcement by the foreman of the jury that the jury had agreed upon a verdict was made through mistake and inadvertence and that one juror had in fact voted for an acquittal throughout the course of the jury's deliberations, and had never assented to the verdict as returned.

The transcript on appeal discloses that the jury's verdict was returned on March 13, 1956, and that on March 15th defendant moved to set aside the verdict. The motion was accompanied by an affidavit of a juror, Mary L. Malson, in which she stated that in fact she did not vote for the conviction "but on the contrary voted for acquittal at all times and she was not afforded any opportunity to dispute the statement of the foreman of the jury; that the other jurors forced her to come downstairs back to the court room, and she at no time indicated that she voted for conviction and sentence in this case * * *." The transcript on appeal shows that the verdict was returned but shows no protest or any indication of any nonconcurrence on the part of the jurors or of any one of them at the time the verdict was returned. The jury had been correctly instructed that the verdict must be unanimous. Jurors speak through their verdict, and after their verdict is received and recorded they should not be permitted to disclose misconduct that had theretofore transpired in the jury room. In this case the juror should have expressed her dissent when the verdict was received and before it was recorded. It has been said that the law is well settled that traverse jurors, by oral testimony or by affidavit, may not impeach their verdict. State v. Hungate, Mo.Sup., 98 S.W.2d 537, and cases therein cited; State v. Ferguson, 353 Mo. 46, 182 S.W.2d 38; State v. Gaddy, Mo.Sup., 261 S.W.2d 65. Assignments Nos. 4 and 5 are ruled adversely to defendant-appellant.

The information was sufficient. The verdict was sufficient and responsive. Allocution was afforded, and judgment and sentence duly entered and pronounced.

The judgment should be affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.