STATE of Missouri, Respondent,

v.

William Andrew SOLVEN, Appellant.

No. 49059.

Supreme Court of Missouri,

En Banc.

Oct. 14, 1963.

Morris A. Shenker, Lawrence J. Lee, St. Louis, for defendant-appellant.

Thomas F. Eagleton, Atty. Gen., James J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Commissioner.

Defendant was charged with the offense of robbery in the first degree by means of a dangerous and deadly weapon. See Sections 560.120 and 560.135 (unless otherwise indicated all statutory references are to RSMo 1959, V.A.M.S.). The indictment also charged three prior felony convictions. In accordance with the provisions of Section 556.280(2) the trial court held a hearing outside the presence of the jury and found that the defendant had been priorily convicted of three felonies and in each instance had been sentenced and imprisoned therefor. The jury found defendant guilty as charged. Thereafter, in accordance with the provisions of Section 556.280(1), the trial court fixed defendant's punishment at imprisonment in the penitentiary for a term of twelve years. Defendant has appealed from the ensuing judgment.

The principal witness for the State was Miss Margaret Jung, an employee of the Gravois Savings and Loan Association whose office is located at 1712 S. 12th Street, St. Louis, Missouri. She testified that at about 4:45 p. m. on June 23, 1960, she was standing at the counter talking with a customer when she saw a man (later identified as defendant) looking in the window; that she walked to the door and looked to the south and saw defendant as he sat down on the steps at the entrance of the building next door; that he turned and looked at her and she saw "his full face" and also noticed that he had on a striped shirt and dark trousers; that another man was also seated on the steps; that she went back into the

office and about five minutes later defendant and another man entered the office; that they had handkerchiefs over the portion of their faces below the eyes; that defendant had a gun in his left hand and said, "This is a stick-up," and the other man went behind the counter and took $389 from the money drawer; that the men then left the office and she immediately went out to see if they had a car, but they had disappeared.

Miss Jung further testified that from time to time thereafter she viewed about 50 men in a number of police "line-ups" and on September 19, 1960, identified defendant (from a line-up of five or six men) as the man who had held the gun in the robbery; that she asked defendant at that time if he was left-handed and he replied that he was "both-handed." This witness was positive in her identification of the defendant both at the police station and at the trial.

Another employee of Gravois, Mrs. Bonda Hooks, was seated at her desk behind the counter at the time of the robbery. She stated that both men had handkerchiefs on their faces during all the time she saw them; that defendant "looks like the one that had the gun. Q. But are you certain that is the man? A. No, I couldn't be positive of him."

Defendant offered no evidence. Upon this appeal we will first consider his contention that the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to make a submissible case. This contention cannot be sustained. Defendant was positively identified by Miss Jung who was corroborated, at least to some extent, by the testimony of Mrs. Hooks who stated that defendant "looked like" the robber. We rule that there was sufficient substantial evidence to support a conviction. State v. Smith, Mo.Sup., 298 S.W.2d 354.

The next point briefed is that the court committed prejudicial error in not permitting defendant's counsel to show, by the cross-examination of Margaret Jung, that

**330**

she had refused to discuss the case with him and that she had followed the directions of the circuit attorney in refusing to do so. The entire record relating to this contention is quoted as follows:

"By Mr. Lee: Q. Have you ever seen me before Miss Jung? A. Yes, I have. Q. When? A. Last Friday. Q. I came to your place of business down there at the Savings and Loan Association— A. Yes, sir. Q. And I asked you what you knew about this particular incident, isn't that right? A. Yes, sir. Q. And you refused to discuss the matter with me— Mr. Koster: Well, your Honor, I object to— A. I didn't refuse, Mr. Koster [continuing]:— line of questioning, your Honor, it is incompetent, irrelevant, your Honor, as counsel knows, he might take depositions in the presence of the State's attorney, not go out and talk to the witness alone. Mr. Lee: Your Honor, I have the duty and the right— The Court: Well, now, wait, wait. Never mind. None of that is material to the present situation. The objection is sustained, because a refusal to talk is not an admission of any sort, and it is not an impeachment of any sort.

"Proceedings were had out of the hearing of the jury as follows:

"Mr. Lee: Your Honor, I want to get in the record that I was present at the Gravois Savings and Loan Association last Friday and spoke to this woman and asked her what she knew about this particular case. She said she would not talk to me, she said that she thought she had better talk to the circuit attorney first, so I said to call the circuit attorney, and he ordered her not to talk to me, and she told me to leave the premises, and I think that would be admissible in evidence in this case, the thing that prevented me from investigating this case.

"The Court: I don't think that that is a prevention of investigation. The witness was entitled to refuse to talk if she wished. I think that you could have taken her deposition. I think she is entitled to refuse to talk to people that call on her to do so. I do not think it is a prevention of investiga-

tion, and I don't think it reflects on the credibility of the witness.

"Mr. Lee: The reason that I came up here, I wanted to ask if at the orders of the circuit attorney she refused to discuss this matter with me. I thought I had better tell the court that first before I asked it.

"The Court: Well, you did, and I sustain objection to that question and we will consider what you said as an offer of proof."

Defendant contends that the proffered evidence was admissible because it tended to show that the witness was partial toward the State and was biased and prejudiced against the defendant.

In our consideration of this contention we should bear in mind that proper cross-examination is a well-recognized method of ascertaining the truth in the trial of cases. "Any litigant should be freely accorded the right to cross-examine an adverse witness and the court should not unduly restrain or interfere with the exercise of that right." Houfburg v. Kansas City Stock Yards Co. of Maine, Mo.Sup., 283 S.W.2d 539, 548, 549. That rule is particularly applicable in a criminal case. State v. Albritton, 328 Mo. 349, 40 S.W.2d 676. And we are convinced that any ruling that encroaches upon the right of cross-examination should be viewed with apprehension and carefully examined by the appellate courts. The general rule which we deem to be here applicable has been recently stated by this court as follows: "The fact that a witness is interested in the result of an action, civil or criminal, in the trial of which he testifies, or is biased or prejudiced in favor of or against any of the parties thereto is proper to be shown and considered as bearing on the credit which should be accorded his testimony. The interest or bias of a witness and his relation to or feeling toward a party are never irrelevant matters, and where the interest or bias is denied by the witness, it may be shown by the testimony of others, and even where such interest or bias is admitted by the witness, the extent of it may be shown, although much is left to the discretion of

the trial court as to how far the inquiry may go into the details of the difficulty, disagreement, or other transaction which caused the hostility, prejudice, or ill feeling." State v. Pigques, Mo.Sup., 310 S.W.2d 942, 947.

No case has been cited in either brief which involves the precise situation here presented. Our research, however, has disclosed a few cases in which the same or a closely related issue is presented under partially similar circumstances. There is perhaps some support for defendant's contention in the case of Phillips v. East St. Louis & S. Ry. Co., Mo.Sup., 226 S.W. 863, although the ruling therein is not decisive because other conduct of the witness was considered in addition to the fact that he had refused to give information to plaintiff's attorneys. However, in the cases of Birmingham Ry., Light & Power Co. v. Norton, 7 Ala.App. 571, 61 So. 459, and Pendley v. State, 23 Ala.App. 539, 128 So. 589, the court had before it, under somewhat similar facts, the issue we are considering and in each instance it was held proper to show upon cross-examination that a witness for one of the parties had refused to tell the attorney for the other party what he knew about the case. In the Birmingham case the court, in ruling the question, stated that whether the refusal of the witness "was due to a sympathy or a leaning of the mind of the witness in favor of the defendant, or antipathy to the plaintiff, or neither, was for the jury; but it was at least a circumstance, if unexplained, tending to support an inference of bias; and the objection to the question, having for its aim the bringing out of such evidence, was properly overruled." 61 So. 462.

The case of Douglas v. Washington Terminal Co., 54 App.D.C. 326, 298 F. 199, tends to support a contrary view. Therein, plaintiff sought to show that before trial a witness had given a statement to the agent for defendant and had refused to give a statement to plaintiff's agent. The court, without any discussion of the question, held that it was within the discretion of the trial

court to exclude the proffered evidence. As will hereinafter more fully appear, we are of the opinion that this evidence is either admissible as a matter of right, or, it is not admissible and hence is not a question which rests in the discretion of the trial court.

The case of State v. Cropper, 327 Mo. 193, 36 S.W.2d 923, involved a situation partially similar to the one before us. In ruling that the proffered evidence was properly excluded, the court stated: "Proof that Shipley's wife, Edgar Herd, and Edward Herd had been cautioned not to talk to the defendant's counsel in the absence of counsel for the state would have been immaterial, and was properly excluded on the state's general objection thereto. While these witnesses were under no legal obligation to talk to the defendant's counsel, they were free to do so at any time, regardless of the suggestions or directions of the counsel for the state." It will be noted that there is no suggestion in the quoted portion of the opinion that the witnesses followed the admonition that is said to have been given them. In order to be certain as to the issues presented, we have examined the transcript in that case and find that there was no offer to prove that the witnesses actually followed the direction of the state's attorney. This clearly distinguishes the Cropper case from the case at bar. Of course it would not reflect upon the credibility of a witness to prove that he had been told by an attorney not to discuss the case with opposing counsel. It is only when there is an offer to prove that the witness followed that direction and actually so refused that a reasonable basis is afforded for the contention that the evidence tends to prove that the witness is partial and biased. The ruling in the Cropper case therefore has no application to the issue presented in the instant case.

■ We have concluded that the trial court committed prejudicial error in sustaining the objection to the proffered evidence. It is elementary that a witness is not required to talk with any attorney. We

also consider it to be entirely irrelevant that defendant could have obtained the knowledge of the witness concerning this occurrence by taking her deposition. The question before us is defendant's right to show, by cross-examination, that the witness followed the orders of the circuit attorney in refusing to discuss the case with his attorney.

■ Evidence that Miss Jung refused to talk with defendant's counsel until she had consulted the circuit attorney, and then followed his directions in refusing to do so, and subsequently ordered the attorney to leave the premises, would certainly have been relevant in tending to show the willingness of the witness to cooperate with the circuit attorney and her partiality for the State and bias or hostility toward defendant. Under the rules heretofore stated, these are matters which may be properly shown upon cross-examination because they have a bearing upon the credit which should be given the testimony. In determining the weight to be given the testimony of this witness, the jury could properly consider her explanation as to why, if she intended to tell the truth at the trial, she refused to disclose the facts within her knowledge to the defendant's attorney until and unless she could obtain the permission of the circuit attorney to do so.

The State in its brief asserts that defendant should not be permitted to here contend that the proffered evidence was admissible as tending to show the partiality and bias of the witness because he did not advise the trial court that it was offered for that purpose. Under the circumstances of this case we do not think that contention is sound. This, for the reason that before defendant's attorney had completed his statement concerning the admissibility of the testimony the court interrupted, sustained the objection, and expressed the view that it was "not an impeachment of any sort," and later stated, "I don't think it reflects on the credibility of the witness." In this situation it would not have aided the trial court for de-

fendant's attorney to have suggested that the testimony was admissible on the issue of credibility. Moreover, we note that defendant in his motion for new trial expressly stated that the ruling deprived him of "the right of showing bias and prejudice on the part of the witness," and hence the trial court had another opportunity to consider the correctness of its ruling.

■ The State also contends that the ruling in question was a matter within the discretion of the trial court and that there was no abuse of that discretion. As heretofore indicated, we do not agree. It is our view that the court did not have any discretion in preventing all cross-examination in regard to the basic facts relating to this subject. The court, of course, could exercise its discretion as to the scope and extent of the cross-examination in question, but could not prevent it entirely. State v. Thompson, Mo.Sup., 280 S.W.2d 838.

In considering the question as to whether the error was prejudicial we have noted the fact that the witness partially answered one question while the objection was being stated, saying, "A. I didn't refuse,". We have decided that this did not remove the prejudicial effect but probably made the ruling more prejudicial. It is obvious from the offer of proof that the witness did not tell the defendant's attorney what she knew about the case, and yet the jury heard her answer denying that she refused to discuss the matter with the attorney, and defendant was precluded, by the ruling complained of, from obtaining her explanation as to what actually occurred at that time.

Since the case must be reversed and remanded for the reason indicated, we need not discuss the remaining point briefed by defendant as it relates to an alleged trial error that will not likely recur upon another trial.

Reversed and remanded.

COIL and HOUSER, CC., concur.

Opinion of HOLMAN, C., in Division One adopted as opinion of Court en Banc.

All concur except DALTON, J., who dissents in separate opinion filed.

DALTON, Judge (dissenting).

I find it necessary to dissent from the conclusion reached in the above case sustaining the following assignment of error: "The Court erred in not permitting defense counsel to ask Margaret Jung, the State's witness, if she had refused to discuss the case with defense counsel on the Friday before the trial and that she was told by the Circuit Attorney of the City of St. Louis not to discuss the case with defense counsel *for the reason that defense counsel was deprived of the right of showing bias and prejudice on the part of the witness.*" (Italics ours.)

I dissent for the reason that the offer of proof made by the defendant-appellant in the trial of the case *was not for the purpose of showing bias and prejudice on the part of the witness.* There is nothing in the record tending to show that defendant's counsel had any such purpose, as indicated in the assignment, in view or in mind at the time he sought to cross-examine the witness Jung. The portion of the transcript upon which this assignment is based fully appears in the opinion submitted and it expressly appears that the offer of proof was *not for the purpose of showing bias and prejudice on the part of the witness.* It is true that the court made an extended and erroneous statement of law to which no objection was made and no assignment of error is now levied against that statement. The matter of the offered evidence not tending to show bias and prejudice on the part of the witness was a matter discussed by the court, but not raised by defendant's counsel. It appears for the first time in defendant's motion for a new trial in subdivision 2, long after the court's unfortunate speech. Both the offer of proof and the subsequent concluding statement of defendant's counsel *expressly show the intended purpose for which the excluded evidence* *was sought to be offered.* The offer of proof concludes with the words *"I think that would be admissible in evidence in this case, the thing that prevented me from investigating this case."* (Italics ours.) Further, the subsequent statement indicates the same purpose: "I wanted to ask *if at the orders of the Circuit Attorney she refused to discuss this matter with me."* (Italics ours.) The court recognized that the offer was made to prove "prevention of investigation." The court said: "I don't think that that is a prevention of investigation."

I am further of the opinion that the offer of proof, as made by defendant's counsel, if proven, would not have been sufficient to sustain an inference of bias and prejudice on the part of the witness. In any event *it was not offered for that purpose* and defendant may not now complain that he was deprived of the right of showing bias and prejudice on the part of the witness by such cross-examination. The mere fact that the trial judge may have made an improper speech to which no objection was interposed is not prejudicial or reversible error in any case where the court's ruling on the issue actually presented for decision was legally correct. Further, if the court properly ruled the issue presented to it, it is immaterial that he may have assigned a wrong reason or even a reason that was legally incorrect. In other words, it clearly appears to me that this case is being reversed on a ground that did not even occur to defendant's counsel until after the unfortunate speech by the trial judge, and even then no offer of proof was made for the specific purpose about which the court was talking or about which appellant now complains, until the motion for a new trial was prepared and filed. At the time the evidence was excluded defendant's counsel had not indicated any purpose of showing bias and prejudice on the part of the witness, either when the questions were asked, the offer of proof made or the court's ruling entered.

I would, therefore, affirm the judgment.