**STATE of Missouri, (Respondent),**

v.

**Shirley E. LANDES, (Appellant).**

**No. WD 34270.**

Missouri Court of Appeals, Western District.

Oct. 11, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 29, 1983.

Application to Transfer Denied Jan. 17, 1984.

Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Judge.

Shirley E. Landes was convicted of stealing and fined $2500.00. On this appeal, she presents four points contended to demonstrate trial error. The last of the four, the sufficiency of the evidence to sustain the conviction, requires a survey of the evidence and that point will be discussed first.

Commencing in January, 1980, appellant was employed by Stevens Employment Service as a secretary. Included in her duties were the receipt of fees paid to the office by clients and the preparation of bank deposits. She issued receipts to those making payments and maintained the daily cash sheets and ledger accounts for each client. Actual bank deposits were made by appellant, Ann Stevens, owner of the business and, on one occasion, by Mrs. Stevens' husband.

In June of 1981, Mrs. Stevens discovered a disparity between the records of receipts issued to clients and money deposited to the agency bank account. An auditor was then engaged to review the records. He reported that the sum of $2406.48 was missing, that amount being the total of customer receipts for cash payments for which no corresponding bank deposit was recorded. The cash receipts not supported by bank deposits all bore appellant's initials.

A review of dates established the first shortage to have occurred two months after appellant commenced work. During October and November, 1980 when appellant was absent from work because of illness there were no shortages. Appellant was questioned about the cash discrepancy and

told Mrs. Stevens she would borrow the money and would "take care of it." Appellant did not return to work after the cash shortage was discovered and she did not make restitution. This prosecution followed.

Appellant contends the case against her was based entirely on circumstantial evidence and that a judgment of acquittal should have been entered because the evidence did not exclude every reasonable hypothesis of Landes' innocence. She argues that the inference of her guilt fails to take account of the facts that other persons had access to the cabinet where the money was kept before bank deposit and that some collections were diverted to a petty cash fund. She also contends the state failed to prove the corpus delicti in that there was no proof any money was missing.

■ On review of a conviction contended not to be supported by substantial evidence, the appellate court considers all facts in evidence and all favorable inferences reasonably to be drawn therefrom in the light most favorable to the state and all evidence and inferences to the contrary are disregarded. *State v. Franco,* 544 S.W.2d 533, 534 (Mo. banc. 1976). Inconsistencies are matters for the jury to consider but they do not support a charge of insufficiency of the evidence on appeal. *State v. Linhart,* 649 S.W.2d 530, 532 (Mo.App.1983).

■ The present case was not, as appellant characterizes it, one dependent wholly on circumstantial proof. Several conversations with appellant reported by Mrs. Stevens manifestly suggest an admission by appellant of responsibility for the thefts and an unfulfilled agreement to repay the sums taken. Apart from that evidence, however, the proof was sufficient to establish appellant's guilt as the thief.

Appellant argues that other persons could have taken the money from an unlocked cabinet, but the contention ignores the strong inference generated by the undisputed fact that money was only misappropriated on the days when appellant was at work. No other office employee during the period

had a tenure of more than four months. It taxes the limits of credulity to speculate as to a combination of employees cooperating to take funds only when appellant was present. Moreover, since it was appellant who prepared the records, including the cash receipts she issued, any misappropriation by others would have been promptly discovered by appellant through an imbalance in bank deposits.

As the prosecution pointed out, the circumstances which underlay the hypothesis that only appellant was the culprit were: (a) no money was missing before appellant came to work, none was taken when she was absent and the thefts ceased after appellant left that employment; (b) there was no evidence of forced entry to the offices and no suggestion that any person other than an employee had access to the cash; (c) all missing cash had been accepted from clients by appellant and recorded on receipts issued to clients by her but omitted from the daily cash records maintained by appellant. This circumstantial proof is inconsistent with any reasonable theory of appellant's innocence and was sufficient to support the conviction.

Appellant's argument that the missing money could have been siphoned for petty cash, a fund which Mrs. Stevens acknowledges she maintained, is equally implausible. The daily cash record kept by appellant recorded money as received. The missing funds not only did not appear in the bank deposit slips prepared twice weekly but they were not recorded on the daily cash journal. If someone, presumably Mrs. Stevens, were taking the cash from the cabinet to use for petty cash, receipt of the funds would have been recorded by appellant on the daily cash journal and there would have been a discrepancy between that record and the bank deposits. Here, the daily cash record and the deposits balanced.

■ This latter contention as to the petty cash fund is used by appellant as a basis for argument that the state proved no corpus delicti, that is, no proof that money was taken. The argument has no merit or

substance. To prove the body of the offense the state need only show at least circumstantial proof that the specific crime charged was committed by someone. *State v. Rife,* 619 S.W.2d 900, 903 (Mo.App.1981). The evidence which demonstrated in this case that the crime of stealing had occurred consisted of record proof that money taken in by the business had not been deposited to the agency bank account and the absence of any plausible explanation for the shortage except by someone's criminal agency. This, together with appellant's tacit admission of the offense were sufficient to prove the body of the crime.

As a further ground of error, appellant complains that she was prejudiced when the trial judge denied appellant's proffered evidence of a telephone conversation between Ann Stevens and a relative of one of the appellant's witnesses. The nature of the conversation, which took place the evening of the third day of trial, was in appellant's view an insinuation that the witness would suffer adverse consequences if he did testify. In fact, the witness did testify for appellant.

Appellant contended at trial that the evidence was admissible to show that Ann Stevens bore animosity toward appellant and that she was active and interested in the prosecution and conviction of appellant. The error in exclusion of the evidence is charged to be a denial of the right of cross examination and impeachment by showing bias of a witness.

It is first to be observed that the incident in question occurred after Ann Stevens had testified. Examination of that testimony can leave no doubt as to the ill will Stevens entertained toward appellant nor is there any question that a jury of reasonably perceptive persons would have understood that Stevens was vigorously supporting the prosecution. At best the evidence of bias was cumulative.

More importantly, however, the content and impact of the conversation were in some doubt. The statements were made by Stevens to a third party not within the hearing of the affected witness, it was a question of interpretation as to whether any threat was actually made and the report of the conversation was not made by the relative to the witness but to a lawyer. The trial judge ruled the evidence inadmissible because not relevant.

The trial court has broad discretion in matters of relevancy and its rulings will be disturbed only if an abuse of discretion is shown. *State v. Pickett,* 642 S.W.2d 703, 706 (Mo.App.1982). In this case, we find no abuse because the trial judge found, as well he could have, that the conversation was ambiguous and therefore a potential source of confusion to the jury. The case is distinguishable from *State v. Solven,* 371 S.W.2d 328 (Mo. banc 1963) cited by appellant. In *Solven,* a ruling that prevented all cross-examination to show bias of a prosecuting witness was held error. The case also held, however, that the court could exercise discretion in limiting the scope and extent of examination. Because the bias of witness Stevens had already been shown in the present case to a significant degree, the trial court was entitled to exercise discretion and exclude other proof of debatable content addressing the same subject.

Two related points presented by appellant concern testimony appellant proposed to offer from one Beal, a certified public accountant. The witness, who was otherwise not acquainted with the parties or the events in question, was presented as an expert. The gist of Beal's testimony contained in an offer of proof was that he had examined the Stevens Employment Service records in evidence in the case, that there was a discrepancy between cash received and cash deposited, but that it was impossible to tell exactly where the missing money had gone. Beal proposed to give an opinion as to several possibilities, including embezzlement, which would account for the discrepancies. On motion by the state, the trial judge ruled that Beal could not express an opinion as to where the missing funds may have gone, but could testify about the records themselves and the amount of the shortage.

Appellant contends she was entitled to the benefit of Beal's opinion, "to rebut the inference argued by the state that the missing money had to be due to theft by defendant." This contention demonstrates the fallacy of the point. Appellant was attempting to utilize the opinion evidence of the expert in passing judgment on the sufficiency of the circumstantial evidence against appellant. That decision was for the jury and was not a proper subject for expert testimony.

In *Superior Ice & Coal Co. v. Belger Cartage Service, Inc.,* 337 S.W.2d 897, 906 (Mo.1960), the court stated:

"An expert witness, in a manner, discharges the functions of a juror; and his evidence should never be admitted unless it is clear that the jurors themselves are not capable, from want of experience or knowledge of the subject, to draw correct conclusions from the facts proved. * * * It is also well established that the admission or exclusion of expert opinion testimony is a matter largely within the discretion of the trial court and the exercise of that discretion will not be interfered with unless it plainly appears that such has been abused."

The rule is applicable as well in criminal cases. *State v. Burley,* 523 S.W.2d 575, 579 (Mo.App.1975).

In this case, Beal's excluded testimony was merely an expression of his opinion, from the same records which were before the jury, that the circumstances could point to a theft by someone other than appellant. Such was not a proper subject for expert testimony. Within its discretionary authority, the trial court was entitled to exclude the testimony and, on the facts here, should have acted as it did.

■ Related to this point is appellant's contention that the trial court erred in overruling an objection to the prosecutor's closing argument. The statement in question was to the effect that if there were anything inaccurate or incomplete about the state's evidence concerning the missing funds, the defense would have presented evidence to that end. Appellant argues

that the objection should have been sustained on the ground it was the state's objection to witness Beal which precluded the availability of that evidence to the defense.

The contention misses the mark because the choice not to call Beal as a witness was made by the defense. The ruling by the trial court as to Beal's testimony in no way precluded the defense from obtaining from Beal any testimony about the cash receipt and deposit records, the reconciliation of those records and the extent of missing cash, if any. From the offer of proof of Beal's testimony, it is plain he had no dispute on this ground. The prosecutor's comment was therefore not on excluded evidence and was permissible.

The judgment is affirmed.

All concur.