**STATE of Missouri, Respondent,**

v.

**Danny W. DUVALL, Appellant.**

**No. 56158.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Danny W. Duvall was charged with Stealing Third Offense, § 570.030 and § 570.040 RSMo. (1986) and being a Prior and Persistent Offender, § 558.016 RSMo. (1986). He was convicted by a jury and sentenced to an enhanced term of twelve years. He appeals his conviction. We affirm.

Because appellant challenges the sufficiency of the evidence to support his conviction, we review the evidence most favorably to the State, and accept as true all facts and reasonable inferences supporting the verdict while disregarding facts and inferences to the contrary. *State v. Applewhite*, 771 S.W.2d 865, 866 (Mo.App.1989).

At approximately 6:25 p.m. on May 7, 1987, Harry Lewis was cleaning offices in the Chromalloy Building in Clayton, Missouri. Appellant and his wife Deborah approached Mr. Lewis and asked where the soda machine was. Mr. Lewis directed them to a canteen area and went back to cleaning. He noticed Mrs. Duvall watching him through the glass entrance to the vending area. A few minutes later, Mr. Lewis looked into the vending area and saw appellant "inside the machine." Appellant slammed the machine door shut, but neither appellant nor Mrs. Duvall had a soda. Mr. Lewis detained the pair and called security. Two police officers arrived at the

Chromalloy Building and had appellant empty his pockets. Appellant had no paper money, but had quarters, nickels, and dimes totalling $10.60. Mrs. Duvall was asked to empty her purse. The officers found a ring of twenty-seven barrel keys, the type of key used to unlock vending machines, two rolls of quarters totalling $19.75 and an empty quarter wrapper. She likewise had no paper money. She also had about $2.00 in her clothes, consisting of dimes, nickels, and pennies. Appellant was then arrested, but asked and was allowed to buy a soda. He inserted two quarters into the soda machine and received a soda without incident.

A post-arrest search of appellant at the police station revealed another barrel key inside a cigarette pack. One of the officers went back to the soda machine and found that the key from appellant's cigarette pack and two of the twenty-seven barrel keys taken from Mrs. Duvall fit the machine. An employee of Merrill Lynch, who owned the machine, opened the machine's cash box and found only two quarters.

■ Appellant's first point on appeal alleges trial court error in denying his motions for judgment of acquittal at the close of the State's case and the close of all the evidence, for the reason the evidence was insufficient to establish the *corpus delicti* of the offense of stealing.

■ We note at the outset that appellant waived any claim of error in the denial of his motion for judgment of acquittal at the close of the State's case because he thereafter presented evidence on his own behalf. *See, e.g., State v. Christeson*, 780 S.W.2d 119, 122 (Mo.App.1989); *State v. Jackson*, 780 S.W.2d 114, 115 (Mo.App.1989). We therefore address only whether the trial court erred in denying the motion for judgment of acquittal at the close of all the evidence.

It is axiomatic that the State has the burden of proving both the *corpus delicti*, i.e. the substantive elements of the charged offense, and the defendant's criminal involvement therein. *State v. Poole*, 683 S.W.2d 326, 329 (Mo.App.1984). Although appellant's point relied on alleges a failure to establish the *corpus delicti*, that the crime of stealing occurred, the argument portion of appellant's brief is principally devoted to his claim the evidence is inadequate to show that he committed the offense. Overlooking this inconsistency, we address both issues.

■ To prove the *corpus delicti* of a crime the State need only show at least circumstantial proof that the specific crime charged was committed by someone. *State v. Frentzel*, 730 S.W.2d 554, 558 (Mo.App.1987); *State v. Landes*, 661 S.W.2d 596, 599 (Mo.App.1983). The crime of stealing requires proof that property of another was appropriated without his consent with the purpose to deprive him thereof. § 570.030.1 RSMo.1986. The absence of any plausible explanation for a shortage of money except for someone's criminal agency provides circumstantial evidence of the offense of stealing. *State v. Landes*, 661 S.W.2d at 599. In *State v. Huffman*, 659 S.W.2d 571, 573 (Mo.App.1983) testimony that coin boxes in pinball and video machines were found after a burglary to contain less than the customary total found when emptied by the owner in each of the two weeks preceding the burglary was considered as evidence tending to support the conviction of stealing over $150. Here, Richard Paradise, the employee of Merrill Lynch charged with responsibility for the vending machine, testified to finding between $35 and $55 worth of coins in the machine every two weeks. He had emptied the coin box a week or more before May 7. After appellant's arrest the coin box was found to contain only two quarters, coins the police had observed appellant put in the machine. Mr. Paradise also testified the number of cans of soda remaining in the machine did not correspond with the money in the coin box. The fact he was unable to testify that any specific sum was missing is not fatal in this case as the value of the property taken is irrelevant to a charge of stealing, third offense. § 570.040 RSMo. 1986. There is sufficient evidence to support a finding that some money was taken without the owner's consent.

Additionally, appellant was observed closing the door of the soda machine which he was not authorized to open. He attempted to conceal a key which unlocked the machine in a package of cigarettes. He had in his pocket $10.60 in quarters, dimes, and nickels, the denominations of coins usable in the soda machine. These facts alone, without considering his wife's possession of 79 quarters and 27 vending machine keys, are sufficient to give rise to an inference to appellant's involvement with the missing coins.

■ We reject appellant's contention that the evidence showed nothing more than his presence at the scene and possession of coins the origin of which could not be established. Nor do we find merit in his argument that his wife's testimony provided a reasonable theory of innocence. She claimed she gave him the $10.60 in coins for pocket money, that she had the 79 quarters for use in laundry machines and that she was carrying the 27 vending machine keys for a friend who owned 2 soda machines. Even if believed by the jury this testimony does not constitute a reasonable explanation for his being inside the machine, quickly closing the door when observed by Mr. Lewis and concealing the key to that door in a package of cigarettes. When a verdict rests upon circumstantial evidence, the facts and circumstances the State relies upon must be consistent with each other and with the State's theory of appellant's guilt, but inconsistent with any reasonable theory of innocence. *State v. Rodden,* 728 S.W.2d 212, 213 (Mo.banc 1987). "The circumstances need not, however, be absolutely conclusive of guilt, nor must they demonstrate the impossibility of innocence—the mere existence of other possible hypotheses is not sufficient to remove the case from the jury." *Id.*

■ Appellant also charges trial court error in overruling his objection to a statement made by the assistant prosecuting attorney in final argument in which it was suggested that one possible explanation for Mrs. Duvall's possession of the quarters rolled in paper wrapping was that they "hit another place." This remark was prefaced by the statements "[defense counsel] says what's that State's theory of the case? I will be happy to tell you the State's theory." Thus it appears the challenged remark was made in retaliation to some argument of defense counsel, a legitimate tactic. *See State v. Jones,* 748 S.W.2d 898, 902 (Mo.App.1988). However, appellant's failure to include in the transcript the argument of his attorney renders it impossible for us to determine whether the prosecutor's statement was an improper intimation of uncharged crimes or a legitimate rebuttal to some argument of defense counsel. *See State v. Klaus,* 730 S.W.2d 571, 579 (Mo.App.1987).

Whether the prosecutor's argument could have been justified as retaliation we cannot determine as appellant's counsel's closing argument is not in the record before us. Appellant had the duty to file a record that included all of the evidence and proceedings necessary for a determination of the questions presented by appeal. *State v. Gordon,* 527 S.W.2d 6, 10 (Mo.App.1975); Rule 30.04(f). Mo.Rules of Court (14th ed. 1983). It must contain "all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent". Rule 30.04(a). *State v. Morrison* 659 S.W.2d 346, 348 (Mo.App.1983). Point denied.

■ Appellant's final point asserts trial court error in overruling his objections to certain question asked of appellant's wife on cross-examination. On direct examination she testified in response to questions propounded by appellant's attorney that because she was required to sit in the hall she had not heard any of the testimony of any other witnesses. On cross-examination, over objection of appellant's attorney, she was asked if she had been listening at the door to the testimony of others or discussing this testimony with a friend who had been sitting in the court room. Although she denied any such conduct, appellant now argues the mere asking of the questions was improper and warrants reversal of his conviction. We find no such impropriety.

The cross-examination was nothing more than an attempt to rebut the witness' direct testimony that she was uninformed concerning earlier trial proceedings. The subject was first brought up by appellant. A defendant cannot claim error because of cross-examination regarding a matter he first introduced. *State v. Mattox,* 689 S.W.2d 93, 96 (Mo.App.1985). Moreover, especially in view of his wife's unequivocal denial, we are unable to detect any prejudice to appellant warranting reversal.

The judgment is affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.